No. 89-060

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

ANN LEWIS,

        Plaintiff and Respondent,

    -vs-

JOSEPH ROSCOE LEWIS,

        Defendant and Appellant.

---

APPEAL FROM: District Court of the Fourteenth Judicial District,
In and for the County of Musselshell,
The Honorable H. R. Obert, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Karl Knuchel, Livingston, Montana

    For Respondent:

        Dane C. Schofield; Peterson, Schofield & Leckie,
Billings, Montana
Jean S. Schanen; Schanen Law Firm, Wasilla, Alaska

Submitted on Briefs: July 7, 1989

Decided: October 31, 1989

Filed:

Clerk

FILED
'89 OCT 31 AM 9 54
ED SMITH, CLERK
MONTANA SUPREME COURT

Justice John C. Sheehy delivered the Opinion of the Court.

Ann Lewis filed an action in the District Court, Fourteenth Judicial District, Musselshell County, to enforce a default judgment entered in Alaska against her former husband, Joseph Roscoe Lewis. Eventually the District Court awarded summary judgment in favor of Ann Lewis and against Joseph Lewis in the amount of $388,405.91. From that judgment, defendant Joseph Lewis appeals. We affirm the District Court.

The central issue in this cases is whether the Alaska court had in personam jurisdiction of the defendant Joseph Lewis to render a valid judgment against him which could be enforced in the sister state of Montana.

When Ann Lewis filed this action in Musselshell County against Joseph Lewis, she obtained personal service upon him in Musselshell County. Through his counsel, he made a special appearance in the action, moving the court to dismiss for lack of jurisdiction in the Alaska court, and because of that lack of jurisdiction to quash the service of summons made on him in the Musselshell County action. The District Court received briefs from all parties and affidavits from Jean S. Schanen, an Alaska attorney who represented Ann Lewis in the Alaska court actions. The District Court denied the motions to dismiss and eventually Joseph Lewis filed his answer in the cause generally denying all the allegations of Ann Lewis' complaint and praying the Montana court to hear the merits of his case and render judgment in his favor.

On September 1, 1988, the plaintiff Ann Lewis moved for summary judgment in her favor. Joseph Lewis responded to the motions saying that he agreed with the position of Ann Lewis

that the previous ruling by the District Court on his objections to jurisdiction were dispositive and that he wanted to make the previous rulings appealable to the Supreme Court of the state of Montana, after judgment.

The District Court had held a hearing on December 4, 1987, at which the Alaska attorney Jean Schanen, and Ann Lewis both testified. Joseph R. Lewis did not testify at that hearing, nor did he at any stage of the proceedings present affidavits contesting in any respect the affidavits or testimony of the plaintiff or her attorney. Accordingly, the statement of facts which we set out hereafter is unrebutted in the record.

Joseph R. Lewis and Ann Lewis were husband and wife residing primarily in Alaska during their 28 year marriage. During the course of the marriage, the Lewises acquired substantial property. Joseph R. Lewis managed the couple's business affairs and made the important business decisions. In the latter years of the marriage, Joseph R. Lewis created a large number of foreign trusts, transferring real and personal property into them, for purposes of tax avoidance. From 1976 to 1983, Joseph R. Lewis filed no state or federal tax returns.

In 1983, Joseph R. Lewis left Alaska without disclosing his whereabouts to his wife or to others. Several months later Ann Lewis learned that he was residing in Montana. She filed an action in Alaska for divorce, serving Joseph R. Lewis personally with a divorce complaint at his domicile near Roundup, Montana. Joseph R. Lewis did not answer the complaint, although he acknowledged that he had received it. His default was subsequently entered against him.

Prior to the default hearing in Alaska, the Internal Revenue Service contacted Ann Lewis regarding delinquent tax returns from 1976 to 1983. She was informed that the foreign

- 3 -

trust schemes undertaken by Joseph R. Lewis were fraudulent, and that a significant amount of tax, penalty and interest was owing for which she was responsible. Ann Lewis moved at the default hearing before the Alaska court for leave to amend her complaint to state additional claims against Joseph R. Lewis for the penalties, interest and professional fees that were involved.

The Alaska court granted the motion to amend, but later reversed that ruling, stating that Ann Lewis should file a separate action against her husband with respect to those matters. Ann Lewis did file a separate action to recover from her former husband the IRS taxes, penalty, interest and professional expenses. The divorce decree of September 10, 1984, which was sent to Joseph R. Lewis by mail made reference to the unadjudicated tax matters.

In the divorce action, before the Alaska court reversed itself, requiring the tax matter to be pursued as an independent action, attempts had been made to serve the amended complaint on Joseph R. Lewis at the address where the original complaint was served. Certified mail at his last known address was returned unclaimed. Efforts to locate Joseph Lewis through the Musselshell County sheriff's office were also unsuccessful.

Jean Schanen testified in this case that with respect to the second action, she tried to serve Joseph Lewis by certified mail which was returned with an indication from the post office that he was no longer at that address. She then attempted to obtain personal jurisdiction by having Lewis served through the sheriff's office and she received a return from the sheriff's office indicating that he could not be found. Other information respecting Joseph Lewis' whereabouts was unavailing. Ann Lewis learned that he had

purchased a motor home and was traveling around from place to place and no one knew exactly where he was at any given time.

Counsel for Ann Lewis then made application to the Alaska court for permission to serve Joseph R. Lewis by publication as permitted under the Alaska Rules of Civil Procedure. She filed an affidavit of diligent inquiry which was required under the Alaska rules. The court held a hearing on the matter, and the presiding judge suggested that they ascertain from Joseph R. Lewis' brother, C. R. Lewis of Anchorage, Alaska, as to his whereabouts. C. R. Lewis confirmed to Ann Lewis' attorney's firm that his brother was moving from place to place and C. R. Lewis did not know his whereabouts at the time. When the Alaska court learned of this additional unsuccessful attempt, it allowed service by publication upon Joseph R. Lewis in the Palmer, Alaska, area.

After Joseph R. Lewis defaulted by not appearing in the Alaska action, the Alaska court rendered a judgment of $346,183.47 against him, with interest at 10.5% per annum.

Ann Lewis then commenced her action in Montana to enforce her Alaska judgment. By that time, Joseph Lewis had purchased a ranch and was served personally with the summons in the action to enforce the Alaska judgment.

We determine that the Alaska court had jurisdiction to render an _in personam_ judgment against Joseph R. Lewis in the circumstances of this case.

In Montana, the effect of a judicial record of a sister state is the same in this state as in the state where it was made, except that it can only be enforced here by an action or special proceeding. Section 26-3-203, MCA. However, any judicial record, including the record of a judgment of a sister state may be impeached by evidence of want of jurisdiction in the court or judicial officer from which the record comes. Section 26-3-105, MCA. In determining whether

- 5 -

the judgment of the sister state based upon long-arm service or constructive service is valid, we examine the proceedings in the record of the sister state to determine if they comport with due process. Hughes v. Salo (1983), 203 Mont. 52, 659 P.2d 270; Kulko v. California Superior Court (1978), 436 U.S. 84, 91, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132. If a judgment is rendered in a sister state in violation of due process, it is void in the rendering state, and is not entitled to full faith and credit elsewhere. Pennoyer v. Neff (1878), 95 U.S. 714, 732-733, 24 L.Ed. 565.

Alaska's Rules of Civil Procedure provide in Rule 4(12)(e) for service by publication where personal service otherwise cannot be made outside the state:

> (e) Other service. When it shall appear by affidavit of a person having knowledge of the facts filed with the clerk that diligent inquiry a party cannot be served with process under (d) [personal service outside the state] of this rule, service shall be made by publication or as otherwise directed by the court as provided in this subdivision . . .

The same rule also provides in subparagraph (1), as to what constitutes "diligent inquiry." There is no question that the facts of this case match up to the diligent inquiry requirements in Alaska.

Ann Lewis' suit was for her reimbursement of federal income taxes, penalties and expenses which she had to pay arising out of marriage of the parties in Alaska. Joseph R. Lewis' contacts with Alaska were continuous and of long duration. His acts and omissions in Alaska gave rise to Ann Lewis' claims against him. His contacts with Alaska met the requirements for long-arm jurisdiction over him. Hanson v. Denkla (1958), 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283.

In Kennecorp Mortgages, Inc. v. First National Bank of Fairbanks (Alaska 1984), 685 P.2d 1232, the Alaska court

- 6 -

considered the question of long-arm jurisdiction in the context of a motion to set aside a default judgment. The court said at 1238:

> The primary inquiry in evaluating a nonresident defendant's contact with a forum state is a consideration of the defendant's purposeful activity with respect to that state. As explained by the United States Supreme Court, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. (Citing Hanson, supra.)"

We determine that the judgment would be enforceable in Alaska. The Montana Rules of Civil Procedure would not permit service by publication in like circumstances. Rule 4D(5), M.R.Civ.P. However, our inquiry under § 26-3-203, MCA, is to determine the effect of the judicial record in the sister state, and to give it the same effect in this state if it is otherwise valid.

The Alaska court has determined that its rule permitting long-arm service on nonresident defendants comports with due process. It has stated:

> It is not enough that the legislature has asserted jurisdiction over appellee in the circumstances of this case. The constitutional requirements of due process of law must also be satisfied before jurisdiction will exist. Before a binding judgment in personam could be made against appellee, the due process clause of the federal constitution requires that appellee have sufficient contact with Alaska so as to make it reasonable and just, according to our traditional conception of fair play and substantial justice, to permit the state to enforce the obligations which appellee has allegedly incurred.

Northern Supply, Inc. v. Curtiss-Wright Corporation (Alaska 1965), 397 P.2d 1013, 1017.

The presence of Joseph R. Lewis in Alaska during his marriage, during which time he performed the acts which gave rise to his eventual liability to his former wife constitutes sufficient contact with Alaska to make the binding judgment reasonable and just and in conformance with notions of fair play and substantial justice. International Shoe Company v. Washington (1945), 326 U.S. 310, 320, 66 S.Ct. 154, 90 L.Ed. 95, 104.

Joseph R. Lewis also contends in this appeal that a copy of the judgment was not mailed to him as required by the Alaska Rules of Civil Procedure. However, the same rule also provides that such mailing must be made if the address of the defendant is known. In this case, his address was not known. Moreover, this is an issue that is raised for the first time on appeal. Wyman v. DuBray Land Realty (Mont. 1988), 752 P.2d 196, 45 St.Rep. 621.

We affirm the District Court.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices