JUSTICE HUNT
dissenting.
I concur with everything that is said in the dissents of Justice Leaphart and Justice Trieweiler and make the following additional points.
*18 I. Refusing relief for such a minor error does not comport with the law’s strong preference for trial on the merits.
As the other dissenters have so ably pointed out, the error complained of in this case is a truly minor one. As in Aesop’s Fables, the majority like the mountain gave a mighty rumble and, as in the fable, out came a mouse. The mouse in this case is the failure to document for the record the accomplishment of service of process, since the case does not address or affect the propriety of the service itself. Since the error alleged is obviously a purely procedural one, it should not out-weigh this Court’s oft-stated preference for a trial on the merits. As we have explicitly stated, “[t]he policy of the law is to favor a trial on the merits.” Hoyt v. Eklund (1991), 249 Mont. 307, 311, 815 P.2d 1140, 1142. See also Johnson v. Murray (1982), 201 Mont. 495, 513, 656 P.2d 170, 179 (Justice Shea, dissenting).
In an analogous case, Justice Bistline of Idaho dissented from a majority decision to forcefully remind the Idaho Supreme Court of its mandate:
[I]t has been well understood for over forty years that the policy of the Supreme Court has been, and hopefully will be, to foster the determination of legal controversies with the goal of administering justice. ...
It has long been judicial policy in Idaho that controversies be determined and disposed of each on its own particular facts and as substantial justice may require. The exercise of judicial discretion should tend to bring about a judgment on the merits. ... There is, of course, a strong public policy in favor of hearing appeals on their merits and of not depriving a party of his right of appeal because of technical noncompliance where he is attempting to perfect his appeal in good faith.
Gubler v. Boe (Idaho 1991), 815 P.2d 1034, 1039-40 (Justice Bistline, dissenting; citations omitted). Such a reminder is appropriately given to this Court as well. As the California Court of Appeals noted:
trial of a cause of action on the merits is the cornerstone of our justice system and it is no wonder the law looks with disfavor on dismissal for procedural default. Such dismissal is even harder to swallow when the default is a mere technicality and the record evinces no intent by the appellants to willfully disrespect the court.
Pacific Lining Co. v. Raging Waters, Inc. (Cal.Ct.App. 1991), 282 Cal.Rptr. 769, 781 (citation omitted).
*19 The error complained of here is a mere technicality if there ever was one, and neither party suggests it was accomplished in an attempt to show disrespect either to the District Court or to this Court. With the foregoing in mind, I cannot see how tossing out an entire case before the merits are even approached, much less addressed, can be reconciled with the goal of administering justice.
II. Refusing relief for such a minor error denies substantial justice.
While the policy favoring a trial on the merits may be just that — a general policy — its underlying rationale is that every party who in good faith approaches a court of law is entitled to substantial justice. In Montana, the mandate that substantial justice be done is most often seen and most clearly articulated in cases which seek to set aside defaults and cases which seek to exercise long-arm in personam jurisdiction over out-of-state parties. See, respectively, In re Marriage of Shikany (1994), 268 Mont. 493, 887 P.2d 153; and In re Marriage of Lewis (1989), 239 Mont. 505, 784 P.2d 897. However, it is obviously a policy which is equally applicable in all cases. Certainly, no one would argue that any case is of so little import that substantial justice need not be done. Yet it has not been done in this case. Instead, the majority has used this minor procedural point to punish a party for almost missing deadlines in the past, an occurrence which is neither erroneous nor worthy of punishment. Furthermore, the very first rule of civil procedure dictates that the rules “shall be construed to secure the just, speedy, and inexpensive determination of every action.” Rule 1, M.R.Civ.P. (emphasis added). This too alludes to the indispensable and time-tested rule that courts must pursue substantial justice.
Where is the substantial justice in the majority’s disposition of this case? If we were addressing a rule of some importance, which many parties are ignoring and the disregard of which is adversely affecting the administration of justice by causing delay or clogging up the court systems, I could see the need to draw a firm line and make one transgressor an example to others who might contemplate the same actions. However, that is not the situation with which we are faced today. Instead, a party has been deprived of its day in court because of a minor technical error which did not, in and of itself, prejudice the other party in the least. I cannot agree with such a result.
III. Factual “close calls” and the benefit of hindsight in this case are irrelevant to deciding the legal issue presented.
The majority opinion makes much of the fact that the Haugens have closely approached various deadlines in the past, filing the complaint two days before the deadline for filing; issuing the original *20 summons 30 days before the deadline; and issuing the amended summons one week before the deadline. I fail to see the relevance of these comments. In fact, the Haugens had never missed a deadline in the case until the minor procedural one which is at issue here. While they may have filed other documents later rather than sooner in the various periods allotted, they were free to file those documents at any time before the deadline — be it one year, one month, one day, or one horn. The majority seems to suggest that leaving such matters he for a time will come back to haunt the parties, because this Court will infer neglect and prejudice even if the filing deadlines are in fact complied with. This is an unnecessary, misleading, and erroneous implication.
The majority also notes the ease with which this error could have been avoided. This is also largely irrelevant. Hindsight is 20/20, and it is safe to assume that if the Haugens or their counsel had foreseen how this minor error would impact their case, they would have taken hasty and appropriate steps to prevent it from occurring. Clearly, the step of filing the summons with the clerk of court was simply forgotten. Therefore, it doesn’t matter how easily the Haugens could have prevented this result had they remembered the step. In fact, due to the confusion in switching lawyers, it was inadvertently omitted. I find it ironic that the majority is not willing to cut the Haugens any slack in consideration of how minor this procedural point really is. It is, however, willing to condemn them further for the “ease” with which it might have been avoided, based on the presupposition that the error sprang from willful negligence instead of inadvertent neglect— a presupposition which is wholly unsupported by the record.
In short, the majority may be following the black letter of the law in refusing to allow this case to proceed, but it has not heretofore been the general policy of this Court to rigidly adhere to that black letter at the obvious expense of equity and fairness. If, as I fear, this case stands for the proposition that form will now be exalted over substance and procedure over the merits, it appears that the rumblings in the majority opinion have given the fabled mouse far greater significance than Aesop ever intended.
JUSTICES TRIEWEILER and LEAPHART concur in the foregoing dissent.