No. 88-479

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

_____

YVONNE SINK,

        Plaintiff and Appellant,

  -vs-

ROBERT G. SQUIRE and JUDITH M. SQUIRE,

        Defendants and Respondents.

_____

APPEAL FROM:  District Court of the Fifth Judicial District,
In and for the County of Madison,
The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Jack Yardley; Yardley & Yardley, Livingston, Montana

    For Respondent:

        Chester Lloyd Jones; Jones & Hoffman, Virginia City,
Montana

_____

Submitted on Briefs: Jan. 12, 1989

Decided:  February 27, 1989

Clerk

FILED
'89 FEB 27 PM 1 22
ED SMITH CLERK
MONTANA SUPREME COURT
Filed

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Appellant Yvonne Sink appeals from the dismissal by the Fifth Judicial District Court, Madison County, of her action to set aside the previous judgment of the court in Civil Action No. 7448 for lack of jurisdiction due to improper service. The court by its dismissal upheld its previous judgment awarding a tax deed to respondents. We reverse the court's dismissal and order the tax deed awarded in the prior action set aside as void for lack of jurisdiction.

Appellant raises the following issues on appeal:

1. Did the publication of the summons for publication without a court seal amount to an improper service thereby denying the District Court jurisdiction over the tax deed action?

2. Did the respondents fail to exercise due diligence to determine appellant's current place of residence prior to mailing the summons for publication and complaint to the incorrect address?

The appellant Yvonne Sink, together with her husband James Sink, purchased a 10.293 acre lot in Madison County from The Shining Mountains North (a limited partnership) in the mid 1970's. Thereafter, Yvonne and James separated. She then moved from Anchorage, where she had been living with her husband prior to their separation, to the San Francisco Bay area. Upon separation, they orally agreed that Yvonne would make the regular payments on the property while James would pay the property taxes. Yvonne continued to make payments on the property until 1983. At that time the balance owing on the property was paid in full, and she and her estranged husband received a warranty deed to the property from Shining

2

Mountains. James Sink subsequently conveyed his interest in the property to Yvonne by a quitclaim deed dated on March 9, 1987. Shining Mountains remained the owner of record, however, because Yvonne failed to record her deed with the Madison County Clerk and Recorder's Office. Yvonne testified she was unaware of any requirement to record her ownership before she herself sold the property.

Although Yvonne diligently made payments until the amount owing on the property was paid in full, James Sink failed to pay the taxes assessed on the property. Consequently, the Treasurer of Madison County (County Treasurer) issued a Certificate of Tax Sale on July 22, 1981 for failure to pay the $91.40 in taxes assessed against the property in 1980. Yvonne testified she received no actual notice of these delinquent taxes.

On March 26, 1985, the respondents, Robert and Judith Squire, paid all the taxes, penalties, and interest assessed and outstanding against the property from 1980 to date. The total paid amounted to $609.71. The County Treasurer thereafter assigned the Tax Sale Certificate to them. The Squires then instituted Civil Action No. 7448 against Yvonne and James Sink in order to acquire a tax deed to the property.

The Sheriff stated by way of a Sheriff's Return (which erroneously failed to name the parties and to give the date the Sheriff was unable to locate them) that he was unable to locate the Sinks in Madison County, and thus he could not serve the complaint and summons upon them. The Squires' attorney then filed an affidavit requesting an order for service of summons by publication. The Clerk of Court granted this requested order and issued a summons for publication on April 26, 1985. This summons failed to list

3

the name or address of the plaintiffs' attorney. The attorney for the plaintiffs signed an affidavit attesting to the mailing of a copy of this summons for publication.

A second summons for publication later was signed on May 2, 1985 and then published for three consecutive weeks in the Madisonian, a local county newspaper. This latter published summons correctly listed the name and address of the plaintiffs' attorney and contained the Clerk of Court's signature, although it did not have a court seal. The plaintiffs, however, did not mail this legally correct May 2nd version to Yvonne and James Sink at their last determined address in Homer, Alaska.

Defendants failed to appear or answer the summons within the twenty day period following service of the summons. The District Court then entered a default judgment against the Sinks on June 18, 1985 and issued a tax deed to the Squires. When Yvonne Sink subsequently learned of this default judgment, she filed the instant action requesting the District Court to declare the default judgment in Civil Action No. 7448 void for lack of jurisdiction because of improper service upon defendants. The District Court ruled that the plaintiffs substantially complied with the spirit and purpose of the service requirements and that the court therefore had jurisdiction over Civil Action No. 7448. Consequently, the District Court dismissed the present case. Yvonne Sink appeals from the court's determination that jurisdiction existed in Civil Action No. 7448 and from the court's subsequent dismissal of this case.

At the outset, we note that the most egregious error affecting the jurisdiction of the District Court to hear this case was the plaintiffs' failure to mail to the defendants a copy of the summons for publication with the name and address

4

of plaintiffs' attorney on it. This issue was not raised by Yvonne Sink on appeal. However, an examination of the record reveals that the District Court took judicial notice of the facts of the prior Civil Action No. 7448 and the parties stipulated to the admission of these facts into the record. These facts give rise to the jurisdictional error to which we now turn our attention.

Rule 4D(5)(e), M.R.Civ.P. requires a plaintiff to mail a copy of the summons for publication and complaint to a defendant's place of residence. The content and form of this summons for publication must comply with the mandatory requirements set forth in Rule 4C(2), M.R.Civ.P. These requirements are as follows:

> The summons shall be signed by the clerk, be under the seal of the court, contain the name of the court and the names of the parties, be directed to the defendant, state the name and address of the plaintiff's attorney, if any, otherwise the plaintiff's address, and the time within which these rules require the defendant to appear and defend, and shall notify him that in case of his failure to do so judgment by default will be rendered against him for the relief demanded in the complaint. (Emphasis added.)

The summons for publication sent to the defendants on April 26, 1985 failed to fully comply with these mandatory requirements. Plaintiffs had an attorney, yet the summons for publication actually sent to the defendants failed to state the name and address of plaintiffs' attorney. The summons for publication actually published corrected this omission, but a copy of this latter published summons was not mailed to the defendants.

5

This Court has previously required strict and literal compliance with the statutory procedures required for constructive service. E.g., Shields v. Pirkle Refrigerated Freight Lines, Inc. (1979), 181 Mont. 37, 44, 591 P.2d 1120, 1124, citing from 62 Am.Jur.2d Process § 68. As this Court has previously stated:

> It is the settled judicial policy of this state that more accurate observance, with regard to compliance with provisions of the statutes, is required in constructive service than in personal service; also that less presumption in favor of jurisdiction of a court, upon rendition of judgment, is indulged in when the judgment is based upon constructive service than when based upon personal service.

Holt v. Sather (1928), 81 Mont. 442, 448, 264 P. 108, 111. Such compliance with mandatory service requirements is essential to jurisdiction. Consequently, this Court will uphold the jurisdiction of a District Court despite a failure to comply with all mandatory service requirements only when the plaintiff affirmatively shows that there is absolutely no possibility of prejudice from the failure. See, e.g., Holt, 264 P. at 111.

No such showing was made in this case. The possibility exists that James and/or Yvonne Sink did not know where to send their response because of the omission of the name and address of the plaintiffs' attorney on the copy of the summons for publication mailed to them. The District Court thus erred in dismissing the present case which challenged the court's jurisdiction over Civil Action No. 7448. We hold that the plaintiffs' failure to comply with this mandatory service requirement prevented the District Court from obtaining jurisdiction to hear and render a judgment in Civil

6

Action No. 7448.   We therefore need not discuss those jurisdictional errors raised by Yvonne Sink on appeal.

The judgment of the District Court in this case is reversed and the prior judgment and tax deed issued in Civil Action No. 7448 ordered set aside as void for lack of jurisdiction.

_L. C. Gulbrandson_____
Justice

We concur:

_R. A. Turnage_____
Chief Justice

_John Conway Harrison_____

_P. C. McDonough_____

_John C. Sheehy_____

_William E. Hunt Sr._____

_____
Justices