NO.   93-140

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

MICKEY D. FONK,

     Petitioner and Appellant,

  **v.**

MAVANEE J. ULSHER,

     Respondent and Respondent,

   and

J.C.F. and S.J.F., Minor Children,

   and

MONTANA  DEPARTMENT OF SOCIAL AND
REHABILITATION SERVICES, CHILD
SUPPORT ENFORCEMENT DIVISION,

     Real Party in Interest.

APPEAL FROM:   District Court of the First Judicial District,
               In and for the County of Lewis and Clark,
               The Honorable Jeffrey Sherlock, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

         Michael V. Sinclair, Coil & Sinclair, Bozeman,
         Montana

     For Respondent:

         Robert T. Cummins, Helena, Montana
         Peggy Probasco, CSED, Butte, Montana

**FILED**

SEP 2 8 1993

Filed:

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Submitted on Briefs:  August 12, 1993

Decided:  September 28, 1993

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Petitioner Mickey Fonk brought this action to recover monies involuntarily paid for child support, to determine paternity and to question service of process on the basis that he had not been personally served in the underlying dissolution proceeding. The District Court for the First Judicial District, Lewis and Clark County, dismissed Fonk's service of process claim and entered final judgment. Fonk appeals that portion of the judgment which denies his motion to quash service of process. We reverse the District Court.

The sole issue on appeal is whether service of process is valid when a process server leaves a summons and petition with a family member at the residence of the person sought to be served.

Mickey Fonk (Mickey) and Mavanee Ulsher (Mavanee) were married December 1, 1982, at Helena, Montana. Two children, J.C.F. and S.J.F., were born during the marriage. The couple separated, and Mavanee petitioned for dissolution of marriage on July 18, 1986, in the District Court for the First Judicial District, Lewis and Clark County.

On August 3, 1986, a Gallatin County deputy sheriff left the summons and complaint in the dissolution proceeding with Betty Fonk, Mickey's mother, at her home in which Mickey then resided. Mickey was not home at the time. In his return on service, the deputy erroneously stated that he had personally served Mickey.

2

Betty Fonk later stated that she did not know whether Mickey had received the service papers.

On April 2, 1987, the **District** Court entered a default decree dissolving the marriage of Mavanee Ulsher and Mickey Fonk, distributing their marital assets between them, and ordering Mickey to pay child support of $75 per month for each of the two minor children. Mavanee was present at the proceeding: Mickey was not.

Mavanee, who received government Aid to Families with Dependent Children (AFDC), assigned her AFDC rights to the Department of Social and Rehabilitation Services, Child Support Enforcement Division (CSED). **CSED thereafter** sought enforcement of its assigned child support rights by intercepting Mickey's tax refunds and garnishing his income. Mickey stated that he first became aware of the dissolution and his child support obligations indirectly during 1990 when he sought legal advice regarding his 1989 income tax returns.

On June 14, 1991, Mickey filed this action alleging that he was not the natural father of the two minor children and requesting that the court order the State of Montana, Department of Social and Rehabilitation Services and Mavanee to reimburse him for all involuntarily-paid child support. Mickey also claimed that he had not been properly served in the underlying dissolution proceeding and that Mavanee committed fraud upon the court by representing that he had fathered the two children.

3

On July 18, 1991, Mavanee filed her response to the paternity action and included a cross-petition for increased child support. She moved for dismissal of Mickey's petition, arguing that the paternity issue was res iudicata and that his petition was a collateral attack on the default judgment entered in the dissolution action.

After an April 3, 1992, hearing on the service of process issue, the court held:

> [I]t became apparent that the Sheriff of Gallatin County had not, in fact, ever served Mickey Fonk with [the] papers. However, it does appear to this Court that Mickey was personally sewed with [the] papers. The law does not require that the service be made by the Sheriff's office.
>
> Testifying in this matter was Mickey's mother, Betty. She indicated that when the Sheriff came to her house on August 3, 1986, her son was not home. The Sheriff left the papers with her. Her son came home later in the day and she indicates that she gave the papers to Mickey. She indicates that this occurred by her directing Mickey's attention to the papers that were lying on a table. She notes that the next day the papers were gone so that "he must've picked them up." The testimony of Mrs. Fonk was under oath. This Court considers her testimony to be the proof of service in this matter. Without the testimony of Mickey's mother, the Court would have to hold that he was not served with process.

Prior to the final adjudication of the case, Mickey prematurely appealed the District Court's ruling and this Court dismissed the appeal without prejudice on November 20, 1992. The District Court entered final judgment as to Mickey's service of process claims pursuant to Rule 54(b), M.R.Civ.P., on February 16, 1993; Mickey now appeals that service of process ruling.

4

Was there valid service of process when the Gallatin County deputy left the dissolution proceeding petition and summons with a family member at Mickey's residence?

Mickey contends that service of process was invalid because he was not personally served as required by Rule 4D(2)(a), M.R.Civ.P. Mavanee contends that the service was valid because the District Court found that Betty Fonk's testimony pertaining to Mickey's receipt of the documents was credible evidence establishing personal service.

Our standard of review concerning a district court's conclusions of law is to determine whether the court's interpretation of the law is correct. Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603. Normally, the burden of proof necessary to overcome statements and recitals in a sheriff's return must be clear, unequivocal, and convincing. Sewell v. Beatrice Foods Co. (1965), 145 Mont. 337, 341-42, 400 P.2d 892, 894. Here, the record reflects that the deputy's return on summons was erroneous because it stated that the deputy personally served Mickey J. Fonk. There being no dispute about this fact, we examine whether service was valid.

The nature of service is twofold: it serves notice to a party that litigation is pending, and it vests a court with jurisdiction. Improper service undermines a court's jurisdiction, and a default judgment subsequently entered is thereby void. See Sink v. Squire (1989), 236 Mont. 269, 273, 769 P.2d 706, 708; Shields v. Pirkle

5

Refrigerated Freight Lines, Inc., et al. **(1979),** 181 Mont. 37, 45, 591 **P.2d** 1120, 1125.

Alternate means exist which obligate a person to become involved as a party in a civil lawsuit. One is valid service of process under Rule **4D,** M.R.Civ.P., and the other is a voluntary appearance by a named party. **See** Spencer v. Ukra **(1991),** 246 Mont. 430, 804 **P.2d** 380 (voluntary appearance waives all irregularities in service of process). Because Mickey did not voluntarily appear at the dissolution proceeding, we focus on service of process.

The directions of the service of process rule are mandatory and must be strictly followed even where a defendant has actual notice of the summons and complaint: knowledge of the action is not a substitute for valid service. **See** In re Marriage of Blaskovich **(1991),** 249 Mont. 248, 815 **P.2d** 581; Holt v. **Sather (1928),** 81 Mont. 442, 264 P. 108. Service of process shall be made

> upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to the individual personally . . . . [Emphasis supplied.]

Rule **4D(2)(a),** M.R.Civ.P.

Here, the **Gallatin** County deputy sheriff erred by delivering the service of process to Betty Fonk and signing a return on summons document which erroneously stated that Mickey J. Fonk was personally served. When Mickey questioned the validity of the service of process, the court ruled that Betty Fonk made valid service upon Mickey after finding that the law does not require

6

that service be made by the sheriff's office. We disagree with the court's ruling.

The Montana Rules of Civil Procedure permit **"other"** service of process or service by publication (otherwise known as constructive service) only in limited contexts, none which apply to the present situation. <u>See</u> Rule **4D(4)**, M.R.Civ.P. (other service), **<u>and</u>** Rule **4D(5)(a)(iii)**, M.R.Civ.P. (dissolution action service by publication when the person sought to be served cannot be appropriately served under foregoing subsections of Rule **4D**, M.R.Civ.P). Likewise, any <u>**in personam**</u> or <u>in rem</u> jurisdiction discussion is inapplicable in the present situation where threshold service of process requirements have not been met.

Service may be made by **"any** other person over the age of 18 not a party to the action." Rule **4D(1)(a)**, M.R.Civ.P. That provision is read in conjunction with the requirements of Rule **4C(1)**, M.R.Civ.P., which states

> [u]pon filing of the complaint, the clerk shall forthwith issue a summons, and shall deliver the summons either to the sheriff of the county in which the action is filed, or to the person who is to serve it . . . .

Betty Fonk was neither authorized by law to make service of process nor was she an appointed agent to receive service of process for Mickey. <u>See</u> **Rule 4D(4)**, M.R.Civ.P., <u>supra</u>. She signed neither a return on summons nor an affidavit asserting that Mickey could not be found. <u>See</u> Rule **4D(5)(c)**, M.R.Civ.P. She therefore did not effectuate valid service of process regardless of whether

7

Mickey picked up the summons and complaint at her request. We conclude that Betty **Fonk's** trial testimony is not a valid substitute for the service of process procedures required by Rule **4D,** M.R.Civ.P.  To hold otherwise would violate Mickey **Fonk's** due process of law rights under the United States and Montana Constitutions.  <u>See</u> U.S. Const. amend. 14, <u>and</u> Art. II, § 17, **Mont.Const.**

Because Mickey was not validly served with process in the underlying dissolution proceeding, we hold that the District Court's April 2, 1987, decree is void.  Additionally, the court's June 3, 1992 order ruling that the appellant was in fact served with the summons and complaint on August 3, 1986, is reversed and we remand the case for further proceedings consistent with this opinion.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

September 28, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Michael V. Sinclair
Coil & Sinclair
125 W. Mendenhall
Bozeman, MT 59715


Robert T. Cummins
Attorney at Law
1 No. Main
Helena, MT 59601


Peggy Probasco
Child Support Enforcement Div., SRS
529 E. Front
Butte, MT 59701



ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy