NO.    94-079

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

IN RE THE MARRIAGE OF

TERRY SHIKANY,

  Petitioner and Respondent,

 and

CAROL L. SHIKANY,

  Respondent and Appellant.

FILED

OCT 25 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Eighth Judicial District,
      In and for the County of Cascade,
      The Honorable Joel G. Roth, Judge presiding.


COUNSEL OF RECORD:

   For Appellant:

     Arthur D. Agnellino, Attorney at Law,
     Missoula, Montana


   For Respondent:

     Joan E. Cook, Attorney at Law, Great Falls
     Montana


       Submitted on Briefs: August 25, 1994

          Decided: October 25, 1994

Filed:

            Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Carol L. Shikany (Carol) appeals from an order of the Eighth Judicial District, Cascade County, denying her motion to set aside both a decree dissolving her marriage to Terry Shikany (Terry), and an order to convey real property to Terry. We reverse.

The following issues are presented on appeal:

1. Did the District Court err by denying Carol's motion to set aside the decree of dissolution and the order requiring the clerk of court to convey real property?

2. Did the District Court err in finding that Carol has a minimal interest in the family residence?

3. Did the District Court err in failing to find that Terry committed a fraudulent act upon the court by seeking service by publication?

On January 26, 1984, Carol and Terry were married for the first time. They resided in Missoula until January of 1985 when they moved to Billings. In April of 1990, Carol left Terry and returned to Missoula. Terry filed for dissolution, and the marriage was dissolved on March 20, 1991. Under the terms of the first dissolution, Terry became the sole owner of their residence in Billings.

The parties reconciled and were remarried on October 22, 1991. On November 4, 1991, Terry transferred title to the Billings residence to Carol. Terry and Carol agree that transferring the entire title was the result of a misunderstanding on the part of

2

the Yellowstone county clerk's office. Both intended that Carol and Terry were to have a joint interest in the property.

On June 5, 1992, Carol left Billings to visit her mother in Andover, Massachusetts. Before leaving town, Carol telephoned Terry and informed him that she was leaving him again. Terry knew that Carol was going to her mother's in Andover. On November 2, 1992, Terry filed for dissolution in Cascade County. On November 4, 1992, Terry filed an affidavit in support of service by publication. Notice of the dissolution petition was published for four consecutive weeks in the Cascade Courier, a weekly Cascade County newspaper,. Carol was never personally served with the petition for dissolution. On December 28, 1992, a default judgment was entered in Terry's favor since Carol failed to answer the petition for dissolution. On January 6, 1993, Judge McKittrick of the Eighth Judicial District entered a decree of dissolution which decreed that: the marriage was dissolved, the parties' personal property had been reasonably divided, the parties' debts had been reasonably divided, and Carol's former surname was restored. One of the findings of fact in the decree stated that the real property in Billings was awarded to Terry. On the same day, in a separate order, Judge McKittrick ordered the clerk of court for the Eighth Judicial District Court to sign a **quitclaim** deed giving Terry the entire interest in the real property located in Billings.

Carol testified that after visiting relatives in Michigan and Andover, Massachusetts, she went to New York and then to Florida with her mother and children. She then returned to Missoula

3

sometime in late August of 1992. Carol testified that she first became aware of the decree of dissolution and order transferring title to the Billings property when her attorney advised her to call the Cascade County courthouse to get a copy of Carol and Terry's first dissolution. Carol received a copy of the petition for dissolution of her second marriage to Terry on May 20, 1993.

On May 28, 1993, pursuant to Rule 60(b), M.R.Civ.P., Carol moved the District Court for relief from the decree of dissolution and order transferring title to the Billings property. After several continuances, the District Court held a hearing on the motion and, by stipulation of the parties, considered testimony and the parties' briefs and depositions. On January 31, 1994, the District Court entered its order denying Carol's motion. Prom this order, Carol appeals.

The dispositive issue in this case is whether the District Court erred by denying Carol's motion to set aside the decree of dissolution and the order requiring the clerk of court to convey real property. Since this issue is dispositive, we will not address the other issues raised.

This Court reviews rulings on motions to set aside default judgments based on whether the district court abused its discretion: however, no great abuse of discretion is necessary to warrant reversal. In re Marriage of Broere (1994), 263 Mont. 207, 209, 867 P.2d 1092, 1093. The policy behind this is to favor a trial on the merits. Marriaae of Broere, 867 P.2d at 1093.

In the present case, Terry served Carol by publication. Rule

4

**4D,** M.R.Civ.P., governs service by publication. In relevant part, it states:

> (5) Service by publication — when permitted — effect — manner — proof.
> (a) When permitted. A defendant, whether known or unknown, who has not been served under the foregoing subsections of this rule can be served by publication in the following situations only:
> . . .
> **(iii)** When the action is for dissolution . . . of a marriage . . . .

This dissolution action qualifies for potential service by publication under Rule **4D(5)(a)(iii),** M.R.Civ.P. However, the rule continues as follows:

> (c) Filing of pleading and affidavit for service by publication; and order for publication. Before service of the summons by publication is authorized in any case, <u>there shall be filed</u> with the clerk in the district court of the county in which the action is commenced (i) a pleading setting forth a claim in favor of the plaintiff and against the defendant in one of the situations defined in (5)(a) above; <u>and</u> (ii) in situations defined in . . . **(5)(a)(iii),** upon return of the summons showing the failure to find any defendant designated in the complaint, <u>an affidavit **stating** that such defendant resides out of the state, or has deuarted from the state, or cannot, after due **diligence**, be found within the state, **or conceals** defendant's **person** to avoid the service of summons</u> . . . such affidavit shall be sufficient evidence of the diligence of any inquiry made by the affiant, if the affidavit recite the fact that diligent **inquiry** was made, and it need not detail the facts constituting such inquiry . . . .

Rule **4D(5)(c),** M.R.Civ.P. (emphasis added).

On November 4, 1992, Terry's attorney filed an affidavit in support of service by publication which stated, in pertinent part:

> 3. That Mr. Shikany has informed me that his wife abandoned him from their family residence in Billings, Montana on or about June 1, 1992.
>
> 4. That Mr. Shikany has not heard from the Respondent since this time nor does he know her whereabouts.

5

5. That **the** Respondent has family in Andover, Massachusetts, but Mr. Shikany has had no confirmation that that is. where Respondent is residing.

6. That because Respondent cannot be properly served the Petition for Dissolution of Marriage and Summons, there is a need to publish the Summons to the Petition in a [sic] accordance with the statutes of the State of Montana.

The affidavit does not state that Carol departed the state, was out of state at the time the affidavit was filed, was concealing herself, or that a diligent inquiry was made as to Carol's whereabouts. Since the affidavit does not allege diligent inquiry, it is not sufficient evidence of a diligent inquiry. <u>See</u> Rule 4D(5)(c), M.R.Civ.P. Nor does the affidavit recite facts showing sufficient diligent inquiry on Terry's part, it simply states that Terry had not heard from Carol since she left him.

In addition, our review of the record indicates that Terry's efforts to discover Carol's whereabouts were minimal at best. At the time the affidavit was filed, Carol resided in Missoula and had resided there since late August of 1992. Terry testified that he asked a few friends who lived in Missoula to tell him if they saw Carol. This does not amount to a diligent effort to find Carol.

The insufficiency of this effort is compounded by the facts that: Terry knew Carol was going to visit her mother in Andover, Massachusetts; Terry had Carol's mother's phone number and address in Andover, Massachusetts; Terry had Carol's mail forwarded to her brother's home in Michigan; and Terry had previously located Carol in Missoula to serve her with the dissolution petition from their first marriage.

Insufficient service of process is an ample ground to vacate the default judgment in this case. Fonk v. Ulsher (1993), 260 Mont. 379, 383, 860 P.2d 145, 147; citing Sink v. Squire (1989), 236 Mont. 269, 273, 769 P.2d 706, 708, and Shields v. Pirkle Refrigerated Freightlines, Inc., et al. (1979), 181 Mont. 37, 45, 591 P.2d 1120, 1125. In Fonk, Fonk's mother was personally served instead of Fonk; a default judgment was subsequently entered, and Fonk moved to set aside the default judgment because he was not properly served. Fonk, 860 P.2d at 146. We held that service upon Fonk's mother was insufficient service upon Fonk; to hold otherwise would violate Fonk's due process rights under the Fourteenth Amendment to the United States Constitution and Article II, Section 17 of the Montana Constitution. Fonk, 860 P.2d at 148. Since Fonk was not validly served, we held that the default judgment was void. Fonk, 860 P.2d at 148.

Shields involved deficient service of process upon a corporation under Rule 4D(2), M.R.Civ.P.; we held that a strict and literal compliance with the law must be shown in order to support a judgment based on substituted or constructive service. Shields, 591 P.2d at 1124. We also held that the service was fatally flawed not only because of a lack of due diligence, but also because the plaintiff failed to submit a sufficient affidavit in compliance with Rule 4D. Shields, 591 P.2d at 1125. We concluded that because service was deficient, the district court could not acquire jurisdiction and, therefore, the default judgment was void. Shields, 591 P.2d at 1125.

Here, as we have already noted, Terry failed to demonstrate due diligence. The affidavit submitted on behalf of Terry was insufficient under Rule **4D(5)(c),** M.R.Civ.P. Because the service of process was deficient, the District Court did not acquire jurisdiction. To hold otherwise would violate Carol's right to due process under both the United States and Montana Constitutions. Thus, we hold that the District Court abused its discretion in refusing to vacate the default judgment and order to convey the real property. The default judgment and order to convey real property are void.

Reversed and. remanded.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

8