NO.   94-279

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN RE THE MARRIAGE OF

CATHARINE GAY GROUNDS
f/k/a CATHARINE GAY COWARD,

   Petitioner and Respondent,

and

HAROLD MARK COWARD

   Respondent and Appellant.


APPEAL FROM:   District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable Ed McLean, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Timothy J. Lape, Missoula, Montana

        For Respondent:

        Kerry Ann Newcomer, Missoula, Montana


FILED

Filed:   **JUN15 1995**

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:   February 9, 1995

           Decided:   June 15, 1995

_____
                  Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Harold Mark Coward (Mark) appeals from two post-dissolution orders of the District Court for the Fourth Judicial District, Missoula County. In those orders, the court denied Mark's motion to modify maintenance payments and granted the motions of Catharine Gay Grounds (Catharine) to join Mark's professional corporation as a party and to disregard the professional corporation for purposes of enforcing the judgment. We vacate the orders of the District court, based upon failure to serve process upon the professional corporation.

The dispositive issue is whether the District Court's orders must be vacated because of Catharine's failure to serve the professional corporation. Because we conclude both orders must be vacated for that reason, we do not address the other issues raised in this appeal.

The parties' marriage was dissolved by order of the District Court in March 1991. Mark, a physician, was ordered to pay Catharine maintenance of $2,150 per month for seven years, to allow her to pursue a law degree.

Mark soon fell into arrears on the maintenance payments, and Catharine's efforts to collect through writs of execution were unsuccessful. In July 1993, Catharine obtained a 65% income withholding order for maintenance, directed to Mark's professional corporation, Mark Coward, M.D., P.C. When the corporation failed to withhold income as ordered, Catharine moved to disregard the corporate entity and to join the corporation as a party.

2

Mark was the corporation's sole shareholder and corporate president, and that, at the hearing, his counsel opposed the motion to join the corporation. She argues that a requirement of service upon the corporation would honor form over substance and should be rejected.

The nature of service of process is twofold: it serves notice to a party that litigation is pending, and it vests a court with jurisdiction. Fonk v. Ulsher (1993), 260 Mont. 379, 383, 860 P.2d 145, 147. Service of process rules are mandatory and must be strictly followed. Knowledge of the action is not a substitute for valid service. Fonk, 860 P.2d at 147.

Service upon a Montana corporation may be accomplished in several ways described in Rule 4D(2)(e), M.R.Civ.P. They include delivering a copy of the document to an officer, director, superintendent or managing or general agent, or partner, or associate for the corporation; leaving a copy at the place of business of the corporation; or delivering a copy to the corporation's registered agent.

This Court has held that service of process was adequate to confer jurisdiction over a defendant corporation when only one copy of the documents was served upon a defendant corporate officer as both an individual and defendant corporate officer. Richland Nat'l Bank & Trust v. Swenson (1991), 249 Mont. 410, 422, 816 P.2d 1045, 1053-54. In the present case, however, no effort whatsoever was made to serve the corporation. The motion to join Mark Coward, M.D., P.C., and to disregard the professional corporation was merely served by mail upon Mark's attorney, as part of the ongoing

4

action. We therefore conclude that <u>Richland National</u> does not control here.

We cannot disregard the Rules of Civil Procedure and jurisdictional prerequisites, even when faced with blatant attempts to circumvent the law by individuals such as Mark. Actual knowledge by Mark did not substitute for valid service upon his professional corporation. We hold that, without valid service, the court did not possess jurisdiction to enter orders directed to the professional corporation.

Because the District Court asserted jurisdiction over Mark Coward, M.D., P.C., in both orders from which this appeal is taken, both orders are vacated. This matter is remanded to the District Court for further proceedings consistent with this Opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

Justice Terry N. Trieweiler dissenting.

I dissent from the majority opinion.

This case is the clearest example I have seen of a husband's total contempt and disregard for the maintenance obligations imposed upon him by a lawful order of a district court. It is no wonder that at the conclusion of the testimony on which the District Court based its order disregarding the corporate entity, the District Judge made the following observation:

> Dr. Coward, I want to make something clear to you here. I have been sitting on the bench for close to six years; prior to that I was a prosecutor for 17 years, and I have never encountered anybody who has such a total disregard and [dis]respect for other people as you do.

The appellant has used the legal process and abused the corporate fiction successfully since 1991 to avoid his maintenance obligation to his former spouse, and as of April 1, 1994, was $80,328.90 in arrears on his debt to her.

By exalting form over substance, this Court's current opinion has prolonged the tortuous procedural history which has served the appellant so well. And, to what purpose?

Mark Coward, M.D., P.C., the shell of a corporate entity in which the appellant now hides and protects his income, is nothing more than Harold Mark Coward, the individual. He is the president of the corporation; he owns all of its shares; he operates all of its business; he performs all of its services; and he makes every single decision that can be made for the corporation's operation and existence.

Rule 4D(e), M.R.Civ.P., is not a demanding rule when it comes to service of process on corporations. It provides that service can be accomplished in various ways. Among them is service on any officer of the corporation. In this case, the document with which the majority is concerned was served on the attorney for the president of the corporation, who in turn appeared in court to oppose the relief sought in the motion. Nothing could more effectively notify the corporation's only officer of the relief being sought than service on his attorney. Furthermore, because of the appearance of the president's attorney, jurisdiction over the corporation was accomplished, whether or not the president was personally served. Rule 4B(2), M.R.Civ.P., provides as follows:

> (2) Acquisition of jurisdiction. Jurisdiction may be acquired by our courts over any person through service of process as herein provided; <u>or by the voluntary appearance in an action by any person either personally, or through an attorney, or throush any other authorized officer, agent or emwlovee.</u>

(Emphasis added.)

In this case, Harold Mark Coward was the president and authorized agent for Mark Coward, M.D., P.C. He appeared in this action in response to his former spouse's motion through his attorney. Therefore, pursuant to the specific terms of Rule 4B, the District Court had jurisdiction to enter the order that it entered. To ignore the syllogism which leads to this conclusion is to ignore reality in favor of an artificial distinction based on a corporate fiction. The District Court, after listening to the total lack of any distinction between Harold Mark Coward and his

7

pseudo-corporation, and the length to which Coward was willing to go in order to avoid his obligation to his former spouse, refused to do so. After reviewing the record, I agree with the District court.

For these reasons, I dissent from the majority opinion. I would affirm the orders of the District Court.

_____
Justice