No. 99-350

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 77

299 Mont. 137

999 P. 2d 303

RICHARD IHNOT,

Plaintiff and Appellant,

v.

JOHN IHNOT,

Defendant and Respondent.

APPEAL FROM: District Court of the Seventeenth Judicial District,

In and for the County of Valley,

The Honorable David Cybulski, Judge presiding.

COUNSEL OF RECORD:

**For Appellant:**

William A. Douglas, Douglas Law Firm, Libby, Montana

**For Respondent:**

Gerald T. Archambeault, Tony C. Koenig, Gallagher & Archambeault, Glasgow, Montana

Submitted on Briefs: September 23, 1999

Decided: March 23, 2000

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶1.Richard Ihnot, (Richard) appeals the May 19, 1999 Order of the Seventeenth Judicial District Court, Valley County, granting Respondent John Ihnot's (John) motion to dismiss. We reverse and remand.

¶2.The issue on appeal is whether the District Court erred in dismissing Richard's action to set aside the default judgment.

## FACTUAL BACKGROUND

¶3.In March of 1995, John conveyed to Richard, by quitclaim deed, a farm and residence in Valley County, Montana. On March 3, 1996, Richard left for the Philippines in order to be married. Before leaving, Richard made arrangements with another individual in the area to farm the property and to live in the residence on Richard's farm. On April 9, 1996, John filed an action seeking to cancel the 1995 quitclaim deed, and served the Summons and Complaint upon Richard by publication pursuant to Rule 4 D, M.R.Civ.P.

¶4.In his Affidavit for Publication of Summons, John stated that he had been unable to determine Richard's present residence and post office address and that there was no forwarding address for him. The District Court entered judgment in favor of John on June 17, 1996. On February 23, 1999, Richard filed a complaint stating that the service by publication and the resulting judgment were void because of extrinsic fraud by John. Richard alleges that John failed to send copies of the Summons and Complaint to his place of residence and failed to state in his Affidavit for Publication "that the residence of the Defendant is unknown" as required under Rule 4 D, M.R.Civ.P.

¶5.Did the District Court err in dismissing Richard's action to set aside the default judgment?

## STANDARD OF REVIEW

¶6.We review a district court's grant of a motion to dismiss to determine whether the court abused its discretion. *In re McGurran*, 1999 MT 192, ¶ 7, 295 Mont. 357, ¶ 7, 983 P.2d 968, ¶ 7.

¶7.Richard argues that the District Court erred in dismissing his action to set aside the default judgment against him because in obtaining that judgment, John did not comply with the requirements of Rule 4 D(5)(e), M.R.Civ.P. Richard claims that John failed to state in his Affidavit for Publication that Richard's residence was unknown, and failed to send copies of the Summons for Publication and Complaint to Richard's place of residence. As a result, Richard argues that the constructive service by publication was fatally defective and rendered the judgment predicated on such service void.

¶8.The nature of service is twofold: it serves notice to a party that litigation is pending, and it vests a court with jurisdiction. Improper service undermines a court's jurisdiction, and a default judgment subsequently entered is thereby void. *Fonk v. Ulsher* (1993), 260 Mont. 379, 383, 860 P.2d 145, 147.

¶9.Rule 4 D, M.R.Civ.P. governs service of process. Section (5)(a) permits service by publication (constructive service) only in limited contexts;

(i) When the subject of the action is real or personal property in this state and the defendant has or claims a lien or interest, actual or contingent, therein, or the relief demanded consists wholly or partially in excluding the defendant from any interest therein.

Rule 4 D(5)(a)(i), M.R.Civ.P.

¶10.Section (5)(c) requires that before service of the summons by publication is authorized, there shall be filed with the clerk. . . (i) a pleading setting forth a claim in favor of the plaintiff. . . and an affidavit stating that such defendant resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state. . . . Upon complying herewith, the plaintiff may obtain an order for the service of summons to be made upon the defendant by publication. . . .

Rule 4 D(5)(c)(i), M.R.Civ.P.

¶11.Section (5)(e) requires a plaintiff to mail a copy of the summons for publication and complaint to a defendant's place of residence, "any time after the filing of the affidavit for publication and not later than 10 days after the first publication of the summons," unless the affidavit for publication states that the residence of the defendant is unknown. Rule 4 D (5)(e), M.R.Civ.P.

¶12.This Court has previously required strict and literal compliance with the statutory procedures for constructive service. *Sink v. Squire* (1989), 236 Mont. 269, 273, 769 P.2d 706, 708.

It is the settled judicial policy of this state that more accurate observance, with regard to compliance with provisions of the statutes, is required in constructive service than in personal service. . . .

*Sink,* 236 *Mont. at 273, 769 P.2d at 708.*

¶13.Richard alleges that the Affidavit for Publication and the Summons failed to comply with the mandatary requirements of Rule 4 D, M.R.Civ.P. This Court has held that service may be fatally flawed for failure to submit a sufficient affidavit in compliance with Rule 4 D. *Shields v. Pirkle Refrigerated Freightlines, Inc.* (1979), 181 Mont. 37, 45, 591 P.2d 1120, 1125 (overruled on other grounds). Furthermore, insufficient service of process is an ample ground to vacate a default judgment. *In re Marriage of Shikany* (1994), 268 Mont. 493, 497-98, 887 P.2d 153, 155.

¶14.Richard seeks relief for John's alleged noncompliance with Rule 4 D under the portion of the residual clause of Rule 60(b) which provides:

[t]his rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as may be required by law, or to set aside a judgment for fraud upon the court.

Rule 60(b), M.R.Civ.P.

¶15.Unfortunately, due to the absence of any hearing or oral argument in this matter, a cursory order unsupported by any findings of fact or conclusions of law, and an overall undeveloped record in this case, we are unable to determine the merits of Richard's claim

on appeal. The entirety of the District Court's Order granting John's motion to dismiss the instant action provides:

[i]n this matter, Defendant has made a Motion to Dismiss, the parties agreed no oral argument was necessary. In summary, Plaintiff wishes to set aside a Judgment against him regarding real property dated June 17, 1996. Plaintiff admits, in paragraph 14 of the complaint that he knew of this judgment as early as July 4, 1996. Clearly, Plaintiff's time to complain expired before the complaint was filed herein, no matter what his theory of recovery. It is hereby ordered that the above entitled action is dismissed.

¶16. John argues that a review of the District Court's order "clearly indicates that Richard's cause of action was dismissed on the basis of laches." While John is certainly correct in his assertion that "[t]here were no findings or conclusions as to those matters set forth by Richard," the District Court provides no findings of fact, conclusions of law, memorandum, or any legal authority for its decision. As a result, we conclude that the District Court abused its discretion in dismissing Richard's claim. This case is reversed and remanded to the District Court to conduct a hearing and provide findings of fact and conclusions of law addressing whether Richard's claim for relief under the residual clause of Rule 60(b) was filed within a reasonable time as required by the statute.

¶17. Reversed and remanded.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ TERRY N. TRIEWEILER