No. 04-078

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 249

IN RE THE MARRIAGE OF
MICHAEL E. ZACHER,

Petitioner and Respondent,

and

TAMMY RENEE ZACHER,

Respondent and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 03-1051
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Stephen C. Mackey; Towe, Ball, Enright, Mackey & Sommerfeld
Billings, Montana

For Respondent:

Vernon E. Woodward; Hendrickson, Everson, Noenning & Woodward,
Billings, Montana

Submitted on Briefs:  June 22, 2004

Decided:  September 8, 2004

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1      The District Court for the Thirteenth Judicial District, Yellowstone County, dissolved the marriage of Michael and Tammy Zacher in September of 2003. Tammy appeals. We vacate the District Court's judgment and remand.

¶2      The dispositive issue is whether Michael's failure to issue a summons or serve a summons and dissolution petition on Tammy deprived the District Court of jurisdiction to enter judgment.

BACKGROUND

¶3      On August 18, 2003, Michael filed a petition for dissolution of his marriage to Tammy. The petition stated the parties had divided their real and personal property pursuant to a Property Settlement Agreement dated August 15, 2003, which was filed contemporaneously with the court. Michael also filed a "Consent to Entry to Judgment" which Tammy had signed on August 15, 2003. In that document, Tammy consented to entry of judgment dissolving the parties' marriage, "with the understanding that the Property Settlement Agreement dated the _15_ day of _Aug_, 2003 is presented to the Court for its approval and made an integral part of the Decree of Dissolution of the parties." Michael did not serve Tammy with any of his filings.

¶4      On September 12, 2003, the District Court held a hearing attended by Michael and his counsel and entered Findings of Fact and Conclusions of Law as well as a Decree of Dissolution. The court adopted the Property Settlement Agreement executed by the parties.

2

Michael's counsel filed a notice of entry of judgment stating he mailed a copy of the judgment to Tammy.

¶5 On October 20, 2003, Tammy filed a Rule 60(b)(4), M.R.Civ.P., motion to set aside the decree of dissolution and Property Settlement Agreement. In an affidavit in support of her motion, Tammy stated she had agreed to sign the Property Settlement Agreement because she and Michael were having marital problems and she wanted to prove to him that she loved him and was "not just after his money," not knowing he was going to file a dissolution proceeding. Her motion claimed the decree is void because Michael failed to have a summons issued and serve her with process, and the Property Settlement Agreement should be set aside as unconscionable. The court did not rule on the motion which, as a result, was deemed denied as of December 19, 2003. Tammy appeals.

## DISCUSSION

¶6 Did Michael's failure to issue a summons or serve a summons and petition on Tammy deprive the District Court of jurisdiction to enter judgment?

¶7 As set forth above, Tammy's Rule 60(b)(4), M.R.Civ.P., motion to set aside the decree of dissolution was deemed denied by operation of law. Our standard of review of a trial court's refusal to set aside a judgment on a Rule 60(b) motion is whether the District Court abused its discretion, even slightly. *Karlen v. Evans* (1996), 276 Mont. 181, 185, 915 P.2d 232, 235. *See also In re Marriage of Shikany* (1994), 268 Mont. 493, 498, 887 P.2d 153, 156.

3

¶8 As Tammy points out, the Montana Rules of Civil Procedure apply to dissolution proceedings. *See* § 40-4-103, MCA. Rule 4C(1), M.R.Civ.P., provides:

> Upon or after filing the complaint, the plaintiff or, if the plaintiff is represented by an attorney, the plaintiff's attorney *shall* present a summons to the clerk for issuance. If the summons is in proper form, the clerk shall issue it and deliver it to the plaintiff or to the plaintiff's attorney who *shall thereafter deliver it for service upon the defendant* in the manner prescribed by these rules. [Emphasis added.]

Dissolution proceedings are not exempt from Rule 4C. Section 40-4-105(3), MCA, specifically requires that, if a dissolution proceeding is commenced by one party to the marriage, the other party must be served as provided in the Montana Rules of Civil Procedure.

¶9 Michael submits that Montana statutes permit parties to jointly initiate a divorce and that service is not required when a joint petition for dissolution of marriage is filed. *See* § 40-4-105(3), MCA. He contends his dissolution action was "in the nature of a joint petition."

¶10 A joint petition for dissolution of marriage must be signed under oath by both parties. *See* § 40-4-131, MCA. The petition in this case did not meet the statutory requirements for a joint petition for dissolution.

¶11 Michael next contends Tammy's signing of the Property Settlement Agreement and the consent to entry of judgment constituted her voluntary appearance in this action and negated any requirement for service of process. He points out that in *Spencer v. Ukra* (1991), 246 Mont. 430, 433, 804 P.2d 380, 382 (citation omitted), we quoted language from

a prior Montana case stating "any act which recognizes the case as in court constitutes a general appearance[.]"

¶12    In *Spencer*, the party objecting to the court's jurisdiction had not appeared prior to entry of judgment but filed a timely motion to set aside the judgment on grounds of inadvertence and excusable neglect. Because the party did not preserve the question of lack of personal jurisdiction in that motion, we concluded the filing of the motion constituted a general appearance in the action. *Spencer*, 246 Mont. at 434-35, 804 P.2d at 383.

¶13    In this case, unlike in *Spencer*, Tammy's execution of the Property Settlement Agreement and consent to entry of judgment occurred before the action was filed. Thus, her signature on those documents did not--indeed, could not--constitute an act recognizing the case as in court. Nor did she sign any waiver of service of process. We conclude Tammy's execution of the documents prior to the filing of this case did not constitute a voluntary appearance in the action pursuant to *Spencer*.

¶14    Similarly, Michael advances authorities from other jurisdictions under which filing a stipulation for extension of time, telephone conversations between the parties' attorneys, participation in settlement agreements, correspondence between attorneys indicating an interest in pursuing settlement, and participation in formal stipulations to extend time to answer, may be considered an appearance. *See Delaware Sand & Gravel Co. v. Bryson* (Del. 1980), 414 A.2d 207; *Heleasco Seventeen, Inc. v. Drake* (D. Del. 1984), 102 F.R.D. 909, 914; *Muniz v. Vidal* (1st Cir. 1984), 739 F.2d 699, 701; *Key Bank of Maine v. Tablecloth Textile Co. Corp.* (1st Cir. 1996) 74 F.3d 349, 353; and *United States v. Melichar* (E.D. Wis.

5

1972), 56 F.R.D. 49, 50. In none of these cases, however, did the act determined to constitute a general appearance take place before the action was filed.

¶15 Finally, Michael asserts Tammy should not be allowed to set aside the decree because his attorney forwarded a copy of the notice of date of the hearing to Tammy, and yet she failed to appear or object. That argument is not persuasive.

¶16 Notice of a hearing does not substitute for service of a summons. Rules for service of process are mandatory and must be strictly followed. *In re Marriage of Grounds* (1995), 271 Mont. 350, 352, 897 P.2d 200, 201 (citation omitted). Personal jurisdiction may be obtained "only through strict compliance" with the rules governing service of process. *In re Marriage of Blaskovich* (1991), 249 Mont. 248, 250, 815 P.2d 581, 582 (citations omitted). In *Marriage of Blaskovich*, we determined the wife's letter to the husband acknowledging that she had received "divorce papers" in the mail, without proper service or a signed acknowledgment of service, was not adequate to confer jurisdiction on the court. It follows, then, that Tammy's signing of the Property Settlement Agreement and consent to entry of judgment, both of which occurred prior to Michael's filing of the dissolution proceeding, were not adequate to confer jurisdiction on the court absent service of process.

¶17 We conclude the District Court abused its discretion in failing to set aside its judgment on Tammy's motion. Because the District Court did not have jurisdiction to enter the decree of dissolution, we do not reach the questions of whether the Property Settlement Agreement is unconscionable or Tammy is barred from arguing for its modification because she has accepted its benefits.

¶18    The District Court's judgment is vacated and this case is remanded for further proceedings consistent with this Opinion.

/S/ KARLA M. GRAY

We concur:

/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ JIM REGNIER