DA 09-0149

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 311N

MELVIN A. GOMKE and JUDITH L. GOMKE,

Plaintiffs and Appellants,

v.

NORTHERN MONTANA HOSPITAL,

Defendant and Appellee.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DV-2005-232
Honorable David G. Rice, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Melvin A. and Judith L. Gomke (Self-Represented), Kremlin, Montana

For Appellee:

Mark D. Meyer, Ugrin, Alexander, Zadick & Higgins, P.C.,
Great Falls, Montana

Submitted on Briefs:  September 3, 2009

Decided:  September 15, 2009

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On November 18, 2005, Melvin and Judith Gomke (the Gomkes), self-represented, filed a Complaint in the District Court for the Twelfth Judicial District, Hill County, against Northern Montana Hospital (the Hospital). In their Complaint, they sought monetary damages for personal injuries they allegedly sustained as a result of the Hospital's negligence. The Hill County Clerk of Court issued a Summons on the same date; however, the Gomkes did not attempt to serve the Hospital until August 2008.

¶3 On January 16, 2009, the Hospital moved the District Court to dismiss the Complaint for insufficiency of service of process pursuant to M. R. Civ. P. 12(b)(5). The Hospital contended that the Gomkes failed to serve the Complaint within the three-year period provided by M. R. Civ. P. 4E.

¶4 The Gomkes opposed the Hospital's motion asserting that Melvin Gomke had hand delivered a letter, the Summons and the Complaint to David Henry, CEO of the Hospital, on October 3, 2008. In the brief opposing the Hospital's motion, Melvin Gomke stated:

On 8/26/08 I mailed David Henry a letter with a summons and our complaint by certified mail. He refused to claim on 9/5/08, 9/10/08 and 9/20/08. The letter was returned to me by the Postal Service. I, then hand delivered this letter to Mr. Henry in his office on 10/3/08 at 2:35 p.m.

¶5 In reply, the Hospital attached to its brief Henry's affidavit dated February 2, 2009, wherein he stated:

2. On October 3, 2008, Melvin Gomke personally handed me a Summons issued by the Twelfth Judicial District Court, Hill County, in [this] lawsuit. While the Summons stated a copy of a Complaint was attached, no Complaint was given to me on October 3, 2008.

3. I advised Melvin Gomke that he needed to give me a copy of the Complaint so that Northern Montana Hospital could know the nature of his claim.

4. Mr. Gomke advised he was going to get a copy of the Complaint from the Court and would get a copy to us.

5. To date, neither myself nor Northern Montana Hospital have been served with a copy of the Complaint in [this] lawsuit.

¶6 On February 11, 2009, the District Court issued its Order on Motion to Dismiss wherein it concluded that the Gomkes' attempts to serve the Hospital, both by mail and through personal service, were ineffective. Thus, the court granted the Hospital's motion to dismiss.

¶7 The Gomkes, once again self-represented, appeal the District Court's decision.

¶8 Having reviewed the record, the District Court's decision and the parties' arguments on appeal, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.

¶9 A court may acquire jurisdiction over a party by the party's voluntary appearance in an action, or by strict compliance with the rules governing service of process.

*Semenza v. Kniss*, 2005 MT 268, ¶ 13, 329 Mont. 115, 122 P.3d 1203. In the instant case, the District Court did not acquire jurisdiction by either method and the Gomkes have failed to articulate any legitimate grounds upon which this Court could overturn the dismissal of this action.

¶10     As to acquiring jurisdiction by voluntary appearance, the District Court stated in its Order on Motion to Dismiss that Henry's filing wherein he questioned the propriety of service of process did not constitute a voluntary appearance in the action. On appeal, the Gomkes have not assigned error to the court's determination in this regard, thus we will not address this issue. *See Woodahl v. Matthews*, 196 Mont. 445, 453, 639 P.2d 1165, 1169-70 (1982).

¶11     In regard to compliance with the rules for service of process, we have stated that those rules are mandatory and must be strictly followed. *In re Marriage of Zacher*, 2004 MT 249, ¶ 16, 323 Mont. 54, 98 P.3d 309, *overruled in part and on other grounds by Essex Ins. Co. v. Moose's Saloon, Inc.*, 2007 MT 202, 338 Mont. 423, 166 P.3d 451. When service of process is flawed, the court cannot acquire jurisdiction over the party. *Blaskovich v. Blaskovich*, 249 Mont. 248, 250, 815 P.2d 581, 582 (1991).

¶12     In this case, the Gomkes assert that they attempted to serve the Hospital with a copy of the Summons and Complaint by mail, but that Henry refused to claim the letter on three separate occasions. They also state that when service by mail failed, Melvin personally hand delivered a copy of the Summons and Complaint to Henry on October 3, 2008. Henry disputes this fact, however, contending that although he received a copy of the Summons from Melvin, he was not given a copy of the Complaint. Even assuming

that Melvin did hand deliver a copy of the Complaint to Henry, that act would not constitute valid service of process because Melvin is a party to the lawsuit. M. R. Civ. P. 4D(1)(a) provides that service may be made by "a sheriff, deputy sheriff, constable, or any other person over the age of 18 *not a party to the action* [emphasis added]."

¶13 The Gomkes ask us on appeal to allow their case to go forward in any case because Henry was well aware of the nature of the lawsuit against the Hospital. We simply cannot comply with this request because "knowledge of the action is not a substitute for valid service." *Fonk v. Ulsher*, 260 Mont. 379, 383-84, 860 P.2d 145, 147 (1993). As we pointed out in *Fonk*, "[t]he nature of service is twofold: it serves notice to a party that litigation is pending, and it vests a court with jurisdiction. Improper service undermines a court's jurisdiction . . . ." *Fonk,* 260 Mont. at 383, 860 P.2d at 147. "The directions of the service of process rule are mandatory and must be strictly followed even where a defendant has actual notice of the summons and complaint . . . ." *Fonk*, 260 Mont. at 383, 860 P.2d at 147.

¶14 The record is clear that the Gomkes failed to properly serve the Hospital within the three-year period set forth in M. R. Civ. P. 4E. To ignore the rules for service of process would defeat the purpose of those rules "which is to promote the diligent prosecution of claims once suit is filed." *See Haugen v. Blaine Bank of Montana*, 279 Mont. 1, 6, 926 P.2d 1364, 1367 (1996) (interpreting M. R. Civ. P. 41(e), now repealed, regarding service of process).

¶15 It is manifest on the face of the briefs and the record before us that this appeal is without merit because the findings of fact are supported by substantial evidence and the

5

legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted. The record in this case supports the District Court's conclusion that the Gomkes failed to effectuate service of their Complaint within three years after the commencement of this action as required by M. R. Civ. P. 4E. Therefore, we hold that the District Court was correct in dismissing the Complaint for insufficiency of service of process under M. R. Civ. P. 12(b)(5).

¶16    Affirmed.


/S/ JAMES C. NELSON


We Concur:

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE