MR. JUSTICE MORRISON
delivered the opinion of the Court.
F.W. Woolworth Co., Inc., and J.C. Penney Company, Inc, appeal from a summary judgment of the District Court for the Twelfth Judicial District. The appeals originate from claims filed July 18, 1976, by members of retail clerks’ union, local no, 57, for unemployment benefits claimed during a strike.
The issue during the administrative process was whether a work stoppage occurred under section 39-51-2305, MCA. Benefits are denied during a period of strike if unemployment results from a “stoppage of work” existing because of the labor dispute. A deputy of the Employment Security Division (Division) of the Montana *291 State Department of Labor and Industry found the claimants to be disqualified from benefits. Claiming strikers then brought appeal before an appeals referee of the Employment Security Division of the Department. The referee sustained denial of benefits. Claimants then appealed to the Board of Labor Appeals (Board) which reversed the referee and held claimants were entitled to unemployment compensation benefits.
The Board of Labor Appeals served notice of its decision on January 10, 1978. On February 3, 1978, appellants filed petitions for review with the District Court of the Twelfth Judicial District. The petitions named as respondents, the Board of Labor Appeals, Montana State Department of Labor and Industry and the members of the Board. Following a motion to dismiss the petition, the appellants and counsel for the Employment Security Division entered into a stipulation to substitute the Employment Security Division of the Montana State Department of Labor and Industry for the Board of Labor Appeals. This stipulation was followed by a court order accomplishing such substitution.
Neither the individual claimants nor the union were made parties to the review sought in District Court. Appellants, at time service was made upon the Board of Labor Appeals, did not provide sufficient copies to serve all persons whom might have been made parties.
On March 20, 1978, the union moved to intervene in the proceedings. The answer alleged that the District Court had no jurisdiction because appellants had not joined the proper parties as designated by statute. Intervention was granted and thereafter both appellants and intervenor moved for summary judgment. The lower court concluded that failure to name all parties, together with failure to provide a sufficient number of copies of the petition for service upon all parties, were fatal jurisdictional flaws. Appellants’ petitions for review were dismissed, and- this appeal follows.
The controlling statute is section 39-51-2410, MCA, which provides in pertinent part as follows:
*292 “(1) Any decision of the board in the absence of an appeal therefrom as herein provided shall become final 30 days after the date of notification or mailing thereof . . . The division shall be deemed to be a party to any judicial action involving any such decision and may be represented in any such action by an attorney employed by the division or at the division’s request, by the attorney general.
“(2) Within 30 days after the date of notification or mailing of the decision of the board, any party aggrieved thereby may secure judicial review thereof by commencing an action in the district court of the county in which said party resides and in which action any other party to the proceeding before the board shall be made a defendant. In such action a petition, which need not be verified but which shall state the grounds upon which a review is sought, shall be served upon the administrator of the division or the administrator’s designee and such service shall be deemed completed service on all parties, but there shall be left with the party so served as many copies of the petition as there are defendants and the division shall forthwith mail one such copy to each such defendant.”
Appellants made the Board of Labor Appeals of the Department a party instead of the Employment Security Division of the same Department. Prior to July 1, 1977, the Board was the proper party, section 87-108(c) and (d), R.C.M., 1947, but on that date an amendment became effective which designated the Division as the proper party.
The above quoted statute requires that in addition to the Division, any parties to the Board proceeding shall be made defendants. Though the claiming strikers were parties to the Board decision they were not named in the petition seeking review in the District Court.
The issues presented in this appeal are: (1) Whether the petition for review “commenced” an action within the meaning of section 39-51-2410, MCA, when the Board of Labor Appeals was named as a party instead of the Employment Security Division. (2) Whether intervention by the union conferred jurisdiction over the *293 individual claimants. (3) Whether, if intervention did not confer jurisdiction, the District Court can add parties after the 30-day period has run. (4) Whether review could be had against the Employment Security Division in the absence of the individual claimants.
Respondent urges us to find appellants’ timely filing void because the wrong party in the Department of Labor and Industry was originally named. Respondent contends that this technical approach is necessary to honor the literal statutory requirements for judicial review. We feel that to hold such a technical error defeated jurisdiction would be unconscionable elevation of form over substance.
The position of respondent would be more sound if the Employment Security Division were a stranger to the Board of Labor Appeals. Of course, they are not. They are each housed within the same department of state government. The only entity is the State of Montana. Within the Department of Labor and Indsutry of that state government are located doors designated Board of Labor Appeals and Employment Security Division. The legislature determines which personnel can best deal with process. In point of fact, both the Board of Labor Appeals and the Employment Security Division were represented by the same counsel, Moody Brickett. Brickett filed a motion to dismiss the petition for review in District Court appearing as counsel for the Baord of Labor Appeals. The same Brickett entered into a stipulation on behalf of the Employment Security Division to substitute that Division as party in place of the Board of Labor Appeals. Brickett further filed an answer on behalf of the Employment Security Division.
Professor Moore articulates the need for avoiding hypertechnical judicial approaches:
“As the Advisory Committee commented, hardships arising from mechnical applications of the Rules had arisen most acutely in suits by private parties against officers or agencies of the United States . . . where the claimants’ need is often great, the applicable statutes or limitations relatively short, and choice of the proper individual *294 defendant, who appears only as an official representative, is largely formal. With the potential for technical pleading errors growing along with the size and complexity of the bureaucracy itself, it was important to set up a definite, generous standard for handling relation-back of corrective amendments . . . these amendments to Rule 15 alleviate difficulties in commencing or continuing an action against a federal officer or agency . . .” Moore’s Federal Practice, Vol. 3, ¶ 15.15[4.2], pages 15-233, 234. (Emphasis added.)
If this Court were to hold that appellants failed to name an adverse party under these circumstances, we would place Montana outside the philosophy of modern legal practice. Justice Benjamin Cardozo said, “. . . The law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal. It takes a broader view today . . Wood v. Lucy, Lady Duff-Gordon (1917), 222 N.Y. 88, 91, 118 N.E. 214, 214. The spirit of Cardozo lives in our procedural rules. We hold that the technical error was not fatal.
It should also be noted that section 39-51-2410(1), MCA, states that the Division shall be deemed a party for judicial review. This occurs automatically by virtue of the statute so that it is a party whether or not named. Subsection (2) of that statute states that all parties to the Board proceeding shall be made parties to judicial review by the aggrieved party. The Division is not a party before the Board but becomes a party, for purposes of judicial review, by operation of law.
The Employment Security Division itself consented to replace the misnamed Board of Labor Appeals. Under Rule 15(c), M.R.Civ.P., the amendment to the petition for judicial review related back.
We must confront the remaining questions in this appeal. Can unnamed parties be added after 30 days? Can this appeal proceed without those parties?
Appellants argue that intervention by the union conferred jurisdiction. It did not. The answer raised lack of jurisdiction. The *295 question presented is: Where a court acquires jurisdiction over one party to an appeal, can other parties be later added?
Appellants argue the applicability of Rule 21, M.R.Civ.P., which provides that parties may be added or dropped at any stage of the proceeding. This rule presupposes in personam jurisdiction. The rule does not confer that jurisdiction.
Under section 39-51-2410, MCA, the decision of the Board became final as to claimants 30 days after notification of the decision. The District Court thereafter had no jurisdiction over claimants and could acquire none.
The parties to the proceeding before the Board of Labor Appeals have separate and distinct identities. An appeal against one cannot affect the lower court’s finding in favor of another against whom no appeal is taken. Surely, if five plaintiffs recover damage awards against a defendant, and that defendant timely appeals to the Supreme Court against only one, the remaining four cannot be added after expiration of time for filing a notice of appeal. Likewise, the individual claimants, against whom no review was timely sought, cannot later be added.
If the presence of these absent claimants is indispensable to review, then appellants’ petition must be dismissed. Provident Tradesmen B & T Co., v. Lumbermans Mut. Cas. Co. (3rd Cir. 1966), 365 F.2d 802. Oral argument developed that claimants have been paid all benefits to which they are entitled by virtue of the Board decision. Appellants’ petition for review seeks (1) a legal determination that there was a “work stoppage” and (2) reinstatement of the decision of the appeals referee. The presence of claimants would, of course, be necessary to any finding which could prejudice their previously paid benefits. Hanson v. Denckla (1958), 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283. However, these same parties are not indispensable to a determination of the legal questions involved.
Section 39-51-2410(2), MCA, requires that all parties to the Board proceeding be made parties for purposes of review. This requirement presupposes issues on judicial review which could affect *296 those parties. Under this holding, claimants’ benefits cannot adversely be affected and, therefore, claimants are not indispensable to a review of the legal questions by the District Court.
A determination of the work stoppage issue under the facts of this case is important to the parties which remain in the review proceeding. The Employment Security Division filed an answer in the District Court denying petitioner’s alleged “work stoppage” and asking that the decision of the Board of Labor Appeals be upheld. There is a sufficient justiciable controversy between appellants and the Employment Security Division to allow the review to go forward.
We have rendered moot the question of service of copies. Sufficient copies were provided for service upon the Employment Security Division which is the only adverse party to appellant remaining in the judicial proceeding.
We hold that the District Court may review the legal question of whether there was a “work stoppage” within the meaning of section 39-51-2410, MCA. The District Court can make no determination which could in any way jeopardize the benefits previously paid to claimants.
We remand the case to the District Court for such hearing as is necessary to determine whether there was a work stoppage.
MR. JUSTICES HARRISON, WEBER and SHEA concur.