JUSTICE NELSON
delivered the Opinion of the Court.
Harold Mark Coward (Mark) appeals from two post-dissolution orders of the District Court for the Fourth Judicial District, Missoula County. In those orders, the court denied Mark’s motion to modify maintenance payments and granted the motions of Catharine Gay Grounds (Catharine) to join Mark’s professional corporation as a party and to disregard the professional corporation for purposes of enforcing the judgment. We vacate the orders of the District Court, based upon failure to serve process upon the professional corporation.
The dispositive issue is whether the District Court’s orders must be vacated because of Catharine’s failure to serve the professional corporation. Because we conclude both orders must be vacated for that reason, we do not address the other issues raised in this appeal.
The parties’ marriage was dissolved by order of the District Court in March 1991. Mark, a physician, was ordered to pay Catharine maintenance of $2,150 per month for seven years, to allow her to pursue a law degree.
Mark soon fell into arrears on the maintenance payments, and Catharine’s efforts to collect through writs of execution were unsuccessful. In July 1993, Catharine obtained a 65% income withholding order for maintenance, directed to Mark’s professional corporation, Mark Coward, M.D., RC. When the corporation failed to withhold income as ordered, Catharine moved to disregard the corporate entity and to join the corporation as a party.
On March 31, 1994, the District Court held a hearing on various motions then pending before it. These included a motion by Mark to modify maintenance payments and Catharine’s motions to disregard and join the corporation.
On April 6, 1994, the court entered two orders as a result of the March 31 hearing. In one order, the court stated its opinion that Mark had committed fraud and would be held accountable for his actions. It denied Mark’s motion to modify maintenance payments and granted Catharine’s motion to disregard Mark’s professional corpo *352 ration for purposes of enforcing the decree. The court stated it would allow Mark until 9:00 a.m. on May 1, 1994, to bring current his obligations to Catharine, which amounted to $80,328.90 as of April 1,1994, according to the affidavit she filed with the court. It awarded Catharine her attorney fees and costs, but did not set an amount.
In the other order, the court joined Mark’s professional corporation as a responding party in this case and declared the corporation jointly and severally liable for all of Mark’s outstanding obligations. Mark filed his notice of appeal on April 13, 1994.
Must the District Court’s April 6, 1994 orders be vacated because of Catharine’s failure to serve Mark’s professional corporation with process?
Catharine admits in her brief that Mark’s professional corporation was not served with process or an order to show cause prior to the court’s April 6, 1994 orders. She points out that Mark was the corporation’s sole shareholder and corporate president, and that, at the hearing, his counsel opposed the motion to join the corporation. She argues that a requirement of service upon the corporation would honor form over substance and should be rejected.
The nature of service of process is twofold: it serves notice to a party that litigation is pending, and it vests a court with jurisdiction. Fonk v. Ulsher (1993), 260 Mont. 379, 383, 860 P.2d 145, 147. Service of process rules are mandatory and must be strictly followed. Knowledge of the action is not a substitute for valid service. Fonk, 860 P.2d at 147.
Service upon a Montana corporation may be accomplished in several ways described in Rule 4D(2)(e), M.R.Civ.P. They include delivering a copy of the document to an officer, director, superintendent or managing or general agent, or partner, or associate for the corporation; leaving a copy at the place of business of the corporation; or delivering a copy to the corporation’s registered agent.
This Court has held that service of process was adequate to confer jurisdiction over a defendant corporation when only one copy of the documents was served upon a defendant corporate officer as both an individual and defendant corporate officer. Richland Nat’l Bank & Trust v. Swenson (1991), 249 Mont. 410, 422, 816 P.2d 1045, 1053-54. In the present case, however, no effort whatsoever was made to serve the corporation. The motion to join Mark Coward, M.D., PC., and to disregard the professional corporation was merely served by mail upon Mark’s attorney, as part of the ongoing action. We therefore conclude that Richland National does not control here.
*353 We cannot disregard the Rules of Civil Procedure and jurisdictional prerequisites, even when faced with blatant attempts to circumvent the law by individuals such as Mark. Actual knowledge by Mark did not substitute for valid service upon his professional corporation. We hold that, without valid service, the court did not possess jurisdiction to enter orders directed to the professional corporation.
Because the District Court asserted jurisdiction over Mark Coward, M.D., PC., in both orders from which this appeal is taken, both orders are vacated. This matter is remanded to the District Court for further proceedings consistent with this Opinion.
CHIEF JUSTICE TURNAGE, JUSTICES GRAY and HUNT concur.