No. 04-258

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 155

GEORGE IOERGER,

       Plaintiff and Appellant,

   v.

CECELIA REINER,

       Defendant and Respondent.

APPEAL FROM:    The District Court of the Eighteenth Judicial District,
                 In and For the County of Gallatin, Cause No. DV 2000-481,
                 Honorable Wm. Nels Swandal, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Robert J. Quinn, Attorney at Law, Bozeman, Montana

       For Respondent:

              Karl P. Seel, Attorney at Law, Bozeman, Montana

                      Submitted on Briefs:  September 21, 2004

                                Decided:  June 21, 2005

Filed:

                                 Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     George Ioerger (Ioerger) appeals from the order entered by the Eighteenth Judicial District Court, Gallatin County, on February 3, 2004, dismissing his Motion For an Order Allowing Execution and Levy of Judgment Personally Against Cecelia Reiner (Reiner). We affirm the order of the District Court.

¶2     We address the following issues:

¶3     1. Whether the District Court erred by not allowing the joinder of Reiner pursuant to Rule 21, M.R.Civ.P., and by denying the motion requesting execution and levy of judgment against Reiner?

¶4     2. Is Reiner is entitled to attorney fees in defending this appeal?

## FACTUAL AND PROCEDURAL BACKGROUND

¶5     On or about August 1999, Ioerger read a real estate listing prepared by Jennifer Hartsell, an employee of Realty Executives of Montana, L.L.C., regarding a piece of real property located near Gallatin Gateway, Montana. The property, advertised as being bounded by Forest Service property, was listed by Realty Executives of Montana, L.L.C. Ioerger then contacted Bonnie Noble of defendant Summit Realty, Inc. (Summit), to inquire about the possible purchase of the property and retained Summit as his buyer's agent.

¶6     On September 17, 1999, Ioerger purchased, for $175,000, the aforementioned property. However, after purchase Ioerger discovered the property was not bordered by Forest Service land, but, instead, had been erroneously advertised by Realty Executives of Montana, L.L.C. Initially, Ioerger communicated with Cecelia Reiner, a member of Realty

2

Executives of Montana, L.L.C., about the lack of Forest Service boundaries, and to inquire about compensation for the misrepresentation.

¶7 On or about February 28, 2000, the assets of Realty Executives of Montana, L.L.C., were sold to Realty Rapp, Inc., for $14,270. Subsequently, without notice being provided to Ioerger, Realty Executives of Montana, L.L.C., was changed to Reiner, L.L.C., with Reiner being the sole member. After realizing that he was not going to be voluntarily compensated for his damages, Ioerger filed his complaint in late October 2000, naming Realty Rapp, Inc., d/b/a Realty Executives; Summit Realty, Inc., d/b/a Century 21 Summit Realty; and Jennifer Hartsell as defendants. Ioerger later filed an amended complaint adding Reiner, L.L.C., f/k/a Realty Executives of Montana, L.L.C., as a defendant. He subsequently settled his claims with all defendants except Reiner, L.L.C.

¶8 A bench trial was conducted on December 12, 2001, in the Eighteenth Judicial District Court. No appearance was made by Reiner or an attorney on behalf of Reiner, L.L.C., and on January 18, 2002, Ioerger obtained a default judgment against Reiner, L.L.C., for $52,065.10.

¶9 A debtor's hearing was conducted on November 4, 2002, to determine what assets were available to satisfy Ioerger's judgment. At the time of the hearing, Reiner, L.L.C., had no bank accounts, receivables, cash, real property, insurance proceeds, or any other assets available to execute or levy against. It was also ascertained that Reiner, L.L.C., had been involuntarily dissolved nine days before the December 12, 2001, trial. Reiner, L.L.C.'s

3

errors and omissions insurance had also been cancelled or had lapsed, thereby preventing Ioerger from looking to the insurance to satisfy the judgment.

¶10 On December 12, 2003, Ioerger filed a Motion for an Order Allowing Execution and Levy of Judgment Personally Against Reiner. On February 3, 2004, the District Court dismissed Ioeger's motion without prejudice, ruling that because this matter was closed, and a judgment was rendered, the court could not reopen the case to allow Ioerger to pursue a fraudulent transfer claim. Ioerger appeals therefrom.

## STANDARD OF REVIEW

¶11 Joinder of a party under Rule 21, M.R.Civ.P., is discretionary. *White v. Lobdell* (1984), 208 Mont. 295, 305, 678 P.2d 637, 642. We review a district court's conclusions of law to determine whether the interpretation of the law is correct. *Cardneaux v. Cardneaux,* 1998 MT 256, ¶ 7, 291 Mont. 230, ¶ 7, 967 P.2d 410, ¶ 7 (citations omitted).

## DISCUSSION

¶12 *Whether the District Court erred by not allowing the joinder of Reiner pursuant to Rule 21, M.R.Civ.P., and by denying the motion requesting execution and levy of judgment against Reiner?*

¶13 In the District Court, Ioerger sought joinder of Reiner as a party to the action pursuant to Rule 21, M.R.Civ.P., and leave to execute against her personally. In *Mountain West Bank, N.A. v. Mine and Mill Hydraulics, Inc*., 2003 MT 35, ¶ 31, 314 Mont. 248, ¶ 31, 64 P.3d 1048, ¶ 31, this Court explained the application of Rule 21, M.R.Civ.P., as follows:

> Rule 21, M.R.Civ.P., addresses joinder of parties, and provides, in pertinent part, that: "Parties may be dropped or added by order of the court on motion

4

of any party or of its own initiative at any stage of the action and on such terms as are just." Rule 19(a), M.R.Civ.P., then sets forth the criteria for determining when adding a party to an action is appropriate. Rule 19(a), M.R.Civ.P., provides, in pertinent part that: "A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties . . . ."

*Mountain West Bank, N.A.*, ¶ 31. Joinder is to be liberally allowed under Rule 21, M.R.Civ.P. *White*, 208 Mont. at 306, 678 P.2d at 642. We have held that while Rule 21, M.R.Civ.P., determinations are discretionary, "that discretion is not license to rule without valid reasons." *White*, 208 Mont. at 305, 678 P.2d at 642 (citing *State ex rel. Stenberg v. Nelson* (1971), 157 Mont. 310, 486 P.2d 870).

¶14 Ioerger argues that by its language, Rule 21, M.R.Civ.P., indicates that a new party may be added to a proceeding at any time, which would include following the entry of a final judgment, on such terms that are just. Ioerger contends that the District Court failed to address or make findings with regard to his request, and, instead, incorrectly accepted Reiner's assertion that Rule 12, M.R.Civ.P., does not allow Reiner to be added because the court lacked in personam jurisdiction over her.

¶15 Reiner counters that Rule 21, M.R.Civ.P., contemplates joinder of a party during the proceedings, not post judgment. She maintains that it would be vastly unjust to allow execution against her when she was not a party to the lawsuit, and had not answered a complaint or presented any defenses to the allegations. Reiner argues that jurisdiction over a party is a fundamental threshold question and should not be assumed lightly.

5

¶16 Generally, "a person who is not a party to an action, cannot be a party to the judgment of that action." *Baltrusch v. Baltrusch*, 2003 MT 357, ¶ 62, 319 Mont. 23, ¶ 62, 83 P.3d 256, ¶ 62 (citing *Warnack v. Coneen Family Trust* (1994), 266 Mont. 203, 207, 879 P.2d 715, 718). In *In re Marriage of Foster*, 2004 MT 326, ¶¶ 18-20, 324 Mont. 114, ¶¶ 18-20, 102 P.3d 16, ¶¶ 18-20, we concluded the district court was without jurisdiction to impose a post-judgment constructive trust on the property of individuals who were not parties to the action and noted that, had they been added to the action following the judgment, they "would have all the procedural rights attendant to litigation, such as service of process, Rule 4D, M.R.Civ.P., right to file responsive pleadings, Rule 7(a), M.R.Civ.P., engage in discovery, Rule 26(b), M.R.Civ.P., and trial by jury, Art. II, Sec. 26, Mont. Const." *Foster*, ¶ 20. Such rights for Reiner were not contemplated here.

¶17 Rule 21, M.R.Civ.P., presupposes in personam jurisdiction, but does not confer that jurisdiction. *F.W. Woolworth Co., Inc. v. Employment Security Division* (1981), 192 Mont. 289, 295, 627 P.2d 851, 855. In *Hilands Golf Club v. Ashmore* (1996), 277 Mont. 324, 331, 922 P.2d 469, 473-74, this Court explained the acquisition of jurisdiction as follows:

> Under Rule 4, M.R.Civ.P., jurisdiction is acquired through the service of process. Process, under Rules 4C and 4D, M.R.Civ.P., requires the issuance and service of a summons upon a party. Once served with a summons, the party so served is required to appear and defend.

*Hilands Golf Club*, 277 Mont. at 331, 922 P.2d at 473-74.

¶18 In *Hadford v. Credit Bureau of Havre, Inc.*, 1998 MT 179, ¶ 16, 289 Mont. 529, ¶ 16, 962 P.2d 1198, ¶ 16, this Court discussed Rule 4D, M.R.Civ.P., and its relationship to service of process on both individuals and corporations:

6

> "The purpose of serving a summons is to give notice to the defendant and thereby afford him the opportunity to defend himself or his property–an essential to due process of law." *Haggerty v. Sherburne Mercantile Co.* (1947), 120 Mont. 386, 396-97, 186 P.2d 884, 891. Service of process also provides the court with jurisdiction over the person or entity sued. *In re Marriage of Grounds* (1995), 271 Mont. 350, 352, 897 P.2d 200, 201 (citation omitted). Actual knowledge is not a substitute for valid service. *Marriage of Grounds*, 271 Mont. at 352, 897 P.2d at 201.

*Hadford, ¶ 16.*

¶19 Reiner was not separately served under Rule 4, M.R.Civ.P. Nonetheless, Ioerger asserts that the District Court had already obtained personal jurisdiction over Reiner. Ioerger argues Reiner was served by virtue of her association with Reiner, L.L.C., and the other named parties, pursuant to § 25-5-104, MCA. That statute provides:

> When two or more persons associated in any business transact such business under a common name, whether it comprise the names of such persons or not, the associates may be sued by such common name, the summons in such cases being served on one or more of the associates; and the judgment shall bind the joint property of all the associates in the same manner as if all had been named defendants and had been sued upon their joint liability.

Section 25-5-104, MCA. Ioerger asserts that Jennifer Hartsell, Reiner, and Reiner, L.L.C. were for all times relevant to this action, business associates, and contends that a common reading of this provision with Rule 21, M.R.Civ.P., and Rule 4B(2), M.R.Civ.P., demonstrates that personal jurisdiction over Reiner was established by her associative relationship with those served parties.

¶20 In this argument, Ioerger ignores the effect of the formation of Reiner, L.L.C. A limited liability company is not merely an informal business association. It is a legal entity, distinct from its members, formed by signing and filing articles of organization with the

secretary of state. Its obligations are separate from its members. Section 35-8-304, MCA, provides:

> [A] person who is a member or manager, or both, of a limited liability company is not liable, solely by reason of being a member or manager, or both, under a judgment, decree or order of a court, or in any other manner, for a debt, obligation, or liability of the limited liability company, whether arising in contract, tort, or otherwise or for the acts or omissions of any other member, manager, agent, or employee of the limited liability company.

Section 35-8-304(1), MCA.

¶21 While Reiner had knowledge of the lawsuit involving Reiner, L.L.C., service upon Reiner individually was never effectuated. "Actual knowledge is not a substitute for valid service." *Marriage of Grounds*, 271 Mont. at 352, 897 P.2d at 201 (citation omitted). Service upon an L.L.C. does not constitute service upon the individual members of the L.L.C.

¶22 "The basis of the rule on joinder is founded on due process considerations of notice and a right to be heard." *S-W Co. v. Schwenk* (1977), 176 Mont. 546, 554, 568 P.2d 145, 149. Because this matter was closed and a judgment was rendered by the District Court, Ioerger could not join Reiner solely for the purpose of executing upon the judgment obtained against Reiner, L.L.C. Neither does simply affording Reiner an opportunity to respond to the motion comport with due process. That requires a full opportunity to defend after proper service. Thus, the District Court did not abuse its discretion in denying Ioerger's motion.

¶23 ***Is Reiner is entitled to attorney fees in defending this appeal?***

¶24 Reiner requests an award of attorney fees and costs incurred on this appeal under Rule 32, M.R.App.P., and Rule 33, M.R.App.P. We decline to grant such an award.

8

¶25 Rule 32, M.R.App.P., allows damages for appeals taken without merit. Damages are not warranted, however, whenever a reasonable ground for appeal exists. *Tope v. Taylor* (1988), 235 Mont. 124, 132, 768 P.2d 845, 850. In this case, although we do not rule in Ioerger's favor, we conclude that his appeal was not entirely unfounded, intended to cause delay or otherwise constitute an abuse of the judicial system.

¶26 Rule 33, M.R.App.P., provides for costs on appeal to the prevailing party. The costs allowed under this Rule, however, do not include an award of attorney fees unless the fees are based on a contract, *Poulsen's, Inc. v. Wood* (1988), 232 Mont. 411, 417, 756 P.2d 1162, 1166, or a specific statute, *Schneider v. Minnesota Mut. Life Ins. Co.* (1991), 247 Mont. 334, 342, 806 P.2d 1032, 1037. No contract or statute granting attorney fees exists that allows costs to be awarded to Reiner herein.

¶27 The order of the District Court is affirmed, and Reiner's request for attorney fees on appeal is denied.


/S/ JIM RICE


We Concur:

/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART

9