FILED

03/22/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0349

DA 21-0349

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 58

SESSEL SAGORIN, as successor to
interest to YELLOWSTONE LODGING, LLC,

Plaintiff and Appellant,

v.

SUNRISE HEATING AND COOLING, LLC,
EXCELLENCE HEATING & COOLING, LLC,
BRIAN MEDRAIN, ZACK NELSON, DAIKIN
NORTH AMERICA, LLC, DAIKIN APPLIED
AMERICAS, INC., THERMAL SUPPLY, INC.,
LATERAL ELECTRICAL SERVICES, INC.,
AMERICAN EXPRESS COMPANY, LESLIE
JONGBERG III, d/b/a MONTANA MOBILE
MOUNTAIN COOLING SERVICES, DOUG'S
CONSTR. AND REPAIR, INC., CHRIS BAKER
WILLIAMS, CHRIS WILLIAMS BAKER, JAMIE
WRIGHT, TRAVIS JORDAN, SCOTT PHELAN,
ESQUIRE INTERMOUNTAIN LAW, LLC, and
DODD LAW FIRM, P.C.,

Defendants and Appellees.

APPEAL FROM:     District Court of the Eighteenth Judicial District,
                 In and For the County of Gallatin, Cause No. DV-2021-386
                 Honorable Peter B. Ohman, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

               Sessel Sagorin, Self-Represented, Idaho Falls, Idaho

        For Appellee Thermal Supply, Inc.:

               Murry Warhank, Jackson, Murdo & Grant, P.C., Helena, Montana

        For Appellees Daikin North America, LLC, and Daikin Applied America's Inc.:

               Brett P. Clark, Crowley Fleck PLLP, Helena, Montana

Peter B. Taylor, Crowley Fleck PLLP, Bozeman, Montana

For Appellees Dodd Law Firm, P.C., and Scott Phelan:

Mikel L. Moore, Eric Brooks, Moore, Cockrell, Goicoechea & Johnson, P.C., Kalispell, Montana

For Appellee Intermountain Law, PLLC:

Scott Phelan, Cook Phelan Attorneys at Law, Bozeman, Montana

Submitted on Briefs: February 2, 2022

Decided: March 22, 2022

Filed:

_____

Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1     Sessel Sagorin appeals the Eighteenth Judicial District Court's order dismissing his complaint against eighteen defendants relating to the installation of heating, ventilation, and air conditioning (HVAC) units at a property owned by Yellowstone Lodging, LLC (Yellowstone). We hold that Sagorin may not, through an assignment, bring Yellowstone's claims on his own behalf and without counsel. We affirm the dismissal of his complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2     Sagorin is the sole member of Yellowstone, which owns and operates a motel in West Yellowstone, Montana (Motel). Yellowstone hired and entered into contracts with several HVAC contractors to upgrade the HVAC system at the Motel between October 2017 and September 2018. Yellowstone purchased Daikin HVAC equipment from Sunrise Heating and Cooling (Sunrise), which initially installed the equipment. Many other HVAC contractors installed or repaired the equipment during 2018.

¶3     In April 2021, Sagorin filed a complaint against Daikin, Sunrise, and sixteen other defendants alleging thirty-nine claims related to the HVAC system as well as claims of legal malpractice against the law firm and the attorney Sagorin initially engaged to pursue these claims on behalf of Yellowstone. Sagorin is not a licensed attorney; instead, he filed the complaint as a "successor in interest" to Yellowstone. The defendants moved the District Court to dismiss the complaint pursuant to M. R. Civ. P. 12(b)(6) and 41(b) for lack of standing. The defendants asserted further that, because Sagorin is not licensed to practice law in Montana, he was prohibited from representing Yellowstone in litigation. Sagorin filed a response to the motion to dismiss, to which he attached an "Assignment for

3

the Sale or Transfer of Interest" (Assignment). The Assignment purported to transfer "all rights and interests in and to any and all legal claims that can and may be brought by [Yellowstone] against third parties." The Assignment provided that Sagorin, as assignee, would pay $15,000 as consideration for the claims.

¶4 The District Court granted the Defendants' motion to dismiss, concluding that Sagorin lacked standing to bring suit in his individual capacity for claims arising out of disputes related to work performed for Yellowstone on Yellowstone's property. The court further held that Sagorin was precluded from asserting claims on Yellowstone's behalf because he is not a licensed attorney in Montana.

**STANDARDS OF REVIEW**

¶5 The Court reviews de novo both a district court's ruling on a motion to dismiss pursuant to M. R. Civ. P. 12(b)(6) and the determination of a party's standing to maintain an action. *Schoof v. Nesbit*, 2014 MT 6, ¶ 10, 373 Mont. 226, 316 P.3d 831 (citation omitted); *Mitchell v. Glacier Cty.*, 2017 MT 258, ¶ 9, 389 Mont. 122, 406 P.3d 427 (citation omitted). "We will affirm a district court's dismissal of a complaint for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Schoof*, ¶ 10 (citation and quotations omitted).

**DISCUSSION**

¶6   *May Sagorin, through an assignment, bring Yellowstone's claims on his own behalf and without counsel?*

¶7   Sagorin challenges the District Court's ruling that he lacked standing to sue, arguing that he brought the action as a "successor in interest" to Yellowstone. He asserts that Yellowstone's Assignment "made an absolute transfer [of] all of its rights and interest to the legal claims," including its claims against the Appellees. Appellees argue that the court properly dismissed Sagorin's complaint for lack of standing because the complaint did not contain any facts establishing that he had a valid assignment or that he was a successor in interest to Yellowstone. Appellees contend that the Assignment is merely an "attempt[ ] to circumvent Montana law requiring LLCs to appear in court through licensed counsel."

¶8   "Standing is a threshold jurisdictional requirement." *Mitchell*, ¶ 9 (citing *Heffernan v. Missoula City Council*, 2011 MT 91, ¶ 29, 360 Mont. 207, 255 P.3d 80). The doctrine of standing examines "whether a litigant is entitled to have the court decide the merits of a particular dispute." *Chipman v. Nw. Healthcare Corp.*, 2012 MT 242, ¶ 25, 366 Mont. 450, 288 P.3d 193 (citing *Williamson v. Mont. PSC*, 2012 MT 32, ¶ 28, 364 Mont. 128, 272 P.3d 71; *Heffernan*, ¶ 30). It encompasses both "the case-or-controversy requirement imposed by the Montana Constitution[ ] and judicially created prudential limitations imposed for reasons of policy." *Mitchell*, ¶ 9 (quoting *Schoof*, ¶ 15; citing *Heffernan*, ¶ 31).

¶9   To meet the case-or-controversy requirement, "the plaintiff must show, 'at an irreducible minimum,' that he or she 'has suffered a past, present, or threatened injury to a

5

property or civil right, and that the injury would be alleviated by successfully maintaining the action.'" *Mitchell*, ¶ 10 (quoting *Schoof*, ¶ 15). In addition to this constitutional requirement, the Court "has adopted several prudential limits." *Heffernan*, ¶ 32 (citation omitted). Prudential standing "cannot be defined by hard and fast rules," but we have long recognized that a plaintiff "may assert only her own . . . rights" and must have "a personal stake in the outcome of the controversy at the commencement of the litigation[.]" *Heffernan*, ¶¶ 30, 33 (citations and quotations omitted). Montana courts "lack 'power to resolve a case brought by a party without standing—i.e., a personal stake in the outcome— because such a party presents no actual case or controversy.'" *Mitchell*, ¶ 9 (quoting *Heffernan*, ¶ 29).

¶10 Sagorin first asserts that he has standing because he filed the complaint in his own name "as successor in interest to Yellowstone Lodging, LLC." In a motion to dismiss made pursuant to Rule 12(b)(6), a district court "must take all well-pled factual assertions as true and view them in the light most favorable to the claimant, drawing all reasonable inferences in favor of the claim." *Anderson v. ReconTrust Co., NA.*, 2017 MT 313, ¶ 8, 390 Mont. 12, 407 P.3d 692 (citation omitted). On a motion to dismiss, a district court may consider only the complaint and any documents it incorporates by reference. *Cowan v. Cowan*, 2004 MT 97, ¶ 11, 321 Mont. 13, 89 P.3d 6 (citation omitted). The District Court rejected Sagorin's argument that he was a "successor in interest" because the complaint did not contain any factual allegations substantiating Sagorin's claim. The sole allegation in the complaint regarding Sagorin's relationship with Yellowstone states:

6

> Plaintiff is Sessel Sagorin . . . who is an individual and who at all relevant times was a resident in West Yellowstone, Montana and owner of Yellowstone Lodging, LLC.  Yellowstone Lodging, LLC owned and operated Yellowstone Self Catering Lodge . . . which at all relevant times maintained a principal place of business at 530 U.S. Highway 20, West Yellowstone, MT, 59758, which is the job site at issue.

This allegation does not support Sagorin's assertion that he is a "successor in interest." Instead, it shows that Sagorin is an owner of Yellowstone, and that Yellowstone, not Sagorin, owned and operated the Motel.  Sagorin did not establish that he is a successor in interest merely by filing suit without any factual allegations to support that claim.

¶11 The District Court correctly recognized that a limited liability company (LLC) is "a legal entity, distinct from its members," rather than "an informal business association[.]" *Ioerger v. Reiner*, 2005 MT 155, ¶ 20, 327 Mont. 424, 114 P.3d 1028.  As a legally distinct entity, an LLC may be sued and bring suit "in its own name."  Section 35-8-1101, MCA. An LLC generally may not appear in court pro se through one of its members. *H&H Dev., LLC v. Ramlow*, 2012 MT 51, ¶ 18, 364 Mont. 283, 272 P.3d 657 (citing *Contl. Realty, Inc. v. Gerry*, 251 Mont. 150, 152, 822 P.2d 1083, 1084 (1991)); *Zempel v. Liberty*, 2006 MT 220, ¶ 18, 333 Mont. 417, 143 P.3d 123 (citing *Audit Servs., Inc. v. Frontier-West, Inc.*, 252 Mont. 142, 148, 827 P.2d 1243, 1246 (1992); *Weaver v. Law Firm of Graybill*, 246 Mont. 175, 178, 803 P.2d 1089, 1091 (1990)). "Non-lawyers who attempt to represent corporations or partnerships in court are guilty of contempt of court." *H&H Dev., LLC*, ¶ 18 (citing *Zempel*, ¶ 18); § 37-61-210, MCA.  The Legislature has carved out a specific exception to this general rule: a member with a

majority interest in an LLC has the authority to represent the LLC in a justice court or small claims court.  Sections 35-8-301(5), 25-35-505(2)(e), 25-31-601(3), MCA.

¶12     Here, the claims arose out of contracts Sagorin executed as Yellowstone's managing member for work performed for Yellowstone's benefit, as the owner of the Motel. Yellowstone, not Sagorin, was a party to the relevant contracts, and thus the claims arising from those contracts belong to Yellowstone.  Sagorin, as managing member, cannot assert claims on Yellowstone's behalf.[1]

¶13     The assignment Sagorin later produced would not have cured the problem.  Sagorin argues that he has standing and can assert the claims as a self-represented litigant because Yellowstone properly transferred to him its "rights and interests in and to any and all legal claims" under the Assignment.  The Appellees counter that Sagorin is engaged in the unauthorized practice of law.

¶14     We have not yet considered whether a business entity's assignment of its legal claims to an individual bypasses the requirement that a business entity must appear through legal counsel, or whether the assignment permits the individual to bring the case directly. Other states to consider this issue, however, have rejected the argument almost unanimously.  *E.g.*, *Zapata v. McHugh*, 893 N.W.2d 720, 725-28 (Neb. 2017); *Roberts v. Alaska*, 162 P.3d 1214, 1220-21 (Alaska 2007); *Shamey v. Hickey*, 433 A.2d 1111, 1112-13 (D.C. 1981); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385-86 (11th Cir. 1985); *Jones v.*

---

[1] We take judicial notice, as allowed by M. R. Evid. 201(b)(2), (c), that as of the date of this Opinion Yellowstone Lodging, LLC, remains a registered business entity in good standing, with the Yellowstone Motel as an "assumed business name."  Montana Secretary of State, *Business Search*, https://biz.sosmt.gov/search/business (last visited March 16, 2022).

*Niagara Frontier Transp. Auth.*, 722 F.2d 20, 23 (2d Cir. 1983); *Global Ebusiness Servs. v. Interactive Broker, LLC*, 2017 U.S. Dist. LEXIS 2916 at **3-4 (N.D. Cal. 2017); *Bischoff v. Waldorf*, 660 F. Supp. 2d 815, 820-21 (E.D. Mich. 2009) (corporation was required to litigate claims through a licensed attorney even if assignment was valid); *Mercu-Ray Indust., Inc. v. Bristol-Myers Co.*, 392 F. Supp. 16, 17-20 (S.D. N.Y 1974); *contra Traktman v. NY*, 182 A.D.2d 814, 814-15 (N.Y. App. Div. 1992).

¶15     The Nebraska Supreme Court rejected an attempt by a sole member of an LLC to assert claims belonging to the LLC by assigning the claims to himself. *Zapata*, 893 N.W.2d at 727-28.  Noting that "self-representation by unskilled persons usually leads to delay, confusion, and other difficulties," the court stated that the requirement that businesses appear through an attorney could not be "circumvented" through an assignment and that finding otherwise would "destroy the salutary principle that a corporation cannot act in legal matters or maintain litigation without the benefit of an attorney." *Zapata*, 893 N.W.2d at 725, 727 (citations omitted).  The court explained further that the "significant privilege of limited liability" comes with certain "obligations," including "hir[ing] a lawyer . . . to sue or defend on behalf of the entity." *Zapata*, 893 N.W.2d at 725-26 (quoting *Steinhausen v. Homeservices of Neb., Inc.*, 857 N.W.2d 816, 826 (Neb. 2015)) (other quotations and citations omitted).  The court concluded that the assignment did not bestow upon the member an interest in the litigation, and because the allegations concerned the LLC's relationship with third parties, the member lacked standing. *Zapata*, 893 N.W.2d at 728.

¶16    Similarly, the Alaska Supreme Court held that an assignment of claims from a corporation to its owner was invalid and was a "procedural device" the owner used to "circumvent the requirement [that the business be represented by counsel]." *Roberts*, 162 P.3d at 1220-21. The Alaska court rejected the owner's argument that the court should "lift[ ] the corporate veil" to allow him to bring the assigned claims pro se, explaining that doing so would "allow an individual the protections of the corporate form, as well as the option to shed the corporate form when it serves his or her interest, undermin[ing] the purposes of corporate law." *Roberts*, 162 P.3d at 1220-21.

¶17    We agree with the Nebraska and Alaska supreme courts. The assignment of legal claims from an LLC to a sole member does not confer standing on the member to assert those claims as a self-represented litigant, nor does it allow an LLC to sidestep the longstanding rule that corporate entities cannot appear through an individual member, except in the narrow circumstance the Legislature expressly authorized.

¶18    Sagorin cannot manufacture standing through the Assignment, nor can he use the Assignment to circumvent Montana law requiring Yellowstone to maintain litigation only through counsel. Every claim in the complaint arises out of the contracts Sagorin executed as Yellowstone's managing member for work on Yellowstone's property; the proper plaintiff therefore is Yellowstone. As the sole member of an LLC, Sagorin largely is shielded from the liability of Yellowstone. Section 35-8-304, MCA. With this privilege come certain obligations to adhere to corporate formalities, including hiring an attorney when needed. To permit Sagorin to assert claims properly belonging to Yellowstone by assigning them to himself is to permit him "to invoke the corporate entity only when it

10

would be to [his] advantage," while discarding the associated corporate formalities. *See Stott v. Fox*, 246 Mont. 301, 307, 805 P.2d 1305, 1308-09 (citation and internal quotations omitted). Yellowstone, as the proper plaintiff, was required to appear through a licensed attorney, and the Assignment did not alter this requirement.

¶19 Sagorin further claims that he has standing because he "personally purchased and paid for" the contractors and HVAC system on "his own credit card." As an LLC, Yellowstone may act only through its agent. A member of an LLC is an agent of the company and may "execut[e] . . . any instrument in the name of the limited liability company for apparently carrying on in the usual way the business or affairs of the limited liability company[.]" Section 35-8-301(1), MCA. Sagorin, as Yellowstone's sole agent, was authorized to execute contracts on behalf of Yellowstone and to pay for services provided to Yellowstone; this alone, however, does not confer him with standing. A corporate shareholder who personally guarantees corporate debt does not have standing to sue for a cause of action belonging to the corporation. *Stott*, 246 Mont. at 307, 860 P.2d at 1308-09 (citing *Walstad v. Nw. Bank*, 240 Mont. 322, 327, 783 P.2d 1325, 1328 (1989) (quoting *Bottrell v. Am. Bank*, 237 Mont. 1, 26-27, 773 P.2d 694, 709-10 (1989))). The sole member of an LLC who charges LLC costs to his personal credit card likewise lacks such standing.

¶20 Sagorin has not met the constitutional or prudential requirements of standing. He has not suffered a "past, present, or threatened injury to a property or civil right[ ]" that would be "alleviated by successfully maintaining" this action. *Mitchell*, ¶ 10 (citation omitted). What is more, Sagorin is not asserting his own rights but those of Yellowstone.

11

Though he may feel he has a personal stake in the outcome of the controversy as the sole member of Yellowstone, the claims belong to Yellowstone, and Sagorin cannot stand in its place to avoid hiring counsel.

¶21    We decline to address Sagorin's remaining arguments.

## CONCLUSION

¶22    We affirm the District Court's June 30, 2021 Order.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE