No. 04-834

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 235

LEROY P. FLESCH and BONNIE FLESCH,

        Plaintiffs and Appellants,

    v.

McDONALD'S RESTAURANT, a/k/a McDONALD'S CORPORATION,
a/k/a McDONALD'S RESTAURANTS OF MONTANA INC.; JENSAR, INC.;
an Ohio Corporation, and DOES AND ROES 1 THROUGH 5,

        Defendants and Respondents.

APPEAL FROM:    District Court of the First Judicial District,
                In and for the County of Lewis and Clark, Cause No. CDV 2003-387
                The Honorable Thomas C. Honzel, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

        James G. Hunt, Esq., Hunt Law Firm, Helena, Montana

        For Respondents:

        Leo S. Ward, Esq., Chad E. Adams, Esq., Browning, Kaleczyc, Berry &
        Hoven, P.C., Helena, Montana

                        Submitted on Briefs:  August 10, 2005

                                  Decided:  September 20, 2005

Filed:

_____
                      Clerk
Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1      Leroy and Bonnie Flesch (Flesches) appeal the decision of the First Judicial District Court, Lewis and Clark County, dismissing their action with prejudice and denying their Motion to Set Aside Judgment.  We affirm.

## ISSUES

¶2      The issues on appeal as presented by the parties are:

¶3      Did the District Court err in concluding that Jensar was not required to comply with § 37-61-405, MCA, and Rule 10, Montana Uniform District Court Rules (M.U.Dist.Ct.R.), because Jensar was informed orally, but not in writing, that Flesches' counsel had been discharged?

¶4      Did the District Court err in entering summary judgment against Flesches on the merits?

¶5      Did the District Court err in entering a judgment of dismissal with prejudice as a sanction for alleged discovery abuses and failure to comply with the District Court's Scheduling Order?

## FACTUAL AND PROCEDURAL BACKGROUND

¶6      On November 14, 2002, Leroy Flesch slipped in a puddle of liquid on the floor of a McDonald's restaurant in Helena, Montana.  Flesch was aware of the spilled liquid, having been warned about it when he entered the restaurant, and having twice consciously avoided it several minutes earlier.  Nonetheless, on the third pass, he stepped in the puddle and fell.  As a result of the fall, he claimed to have sustained serious injuries and incurred significant

2

medical expenses.

¶7     On July 3, 2003, Flesches filed suit against McDonald's arguing that the restaurant had a duty to maintain its premises in a safe condition, and that McDonald's had negligently violated that duty. On July 24, 2003, Flesches amended their Complaint to include Jensar, Inc., the owner and operator of this particular McDonald's restaurant. Jensar thereafter assumed the defense for both Defendants.

¶8     On December 16, 2003, the District Court issued a Scheduling Order setting forth the dates on which various trial-related activities, including discovery and the filing of pretrial motions, were to be concluded.

¶9     On May 17, 2004, Jensar filed a "Motion for Rule 26(g) and 37(d) Sanctions or in the Alternative Motion to Compel and For Rule 37 Sanctions," with an accompanying Brief in Support. Jensar alleged that the Flesches had abused the discovery process by repeatedly providing inaccurate, incomplete, and untruthful responses to Jensar's August 2003 discovery requests. Additionally, Jensar pointed out that Leroy Flesch's January 2004 deposition had been stopped prematurely because Flesch became too angry and agitated to continue, and that for several months afterward, while Flesches provided some supplemental answers to Jensar's written requests, the answers were neither complete or completely truthful. Jensar sought dismissal of Flesches' Complaint with prejudice as a sanction for these alleged discovery abuses. On the same day, Jensar also filed a Motion for Summary Judgment in which it argued that the information it had obtained from the Flesches, while

3

incomplete and untruthful, was nonetheless adequate to support summary judgment in favor of Jensar on liability.

¶10 On July 13, 2004, counsel for Jensar filed a Notice of Hearing on its Motion for Summary Judgment and Motion for Sanctions. The hearing was scheduled for August 25, 2004. The Notice was served on Flesches' counsel. It is undisputed that the Flesches' counsel notified them of the date, time and location of the hearing. The Flesches later argued, however, that they were told that the hearing date was "tentative." Other than the July 13, 2004, Notice of Hearing, no further notice of the hearing was sent to the Flesches or their counsel.

¶11 On August 3, Flesches' counsel told counsel for Jensar that the firm intended to withdraw as counsel for the Flesches, and would be filing the necessary documents shortly. Subsequently, Flesches' counsel reported to Jensar's attorney that they had been fired, and asked that Jensar's counsel keep their termination confidential. According to Jensar's counsel, he subsequently contacted the clerk's office on multiple occasions to ascertain whether either a notice or application to withdraw or a motion to continue the hearing had been filed, but none had. On the morning of the August 25 hearing, counsel for Jensar was again told that neither the clerk nor the judge had received a notice to withdraw or a motion to continue the hearing date. The hearing was held as scheduled, but neither the Flesches nor their counsel appeared.

¶12 At the conclusion of the hearing, the District Court dismissed the Flesches' case with prejudice as a sanction and entered summary judgment on liability. In its subsequent August

4

30, 2004, Memorandum and Order, the court ruled that Jensar was entitled to summary judgment. The court listed numerous discovery abuses committed by the Flesches, noted that these abuses prejudiced Jensar, and concluded that any sanction other than dismissal for such abuses was inappropriate. The District Court, *sua sponte*, also found dismissal appropriate based on the Flesches' failure to comply with the court's Scheduling Order. Also on August 30, counsel for the Flesches' filed their Notice of Withdrawal which was signed and granted by the District Court on the same day. In response to the notice of withdrawal and the court's Order granting it, Jensar provided the written notice to the Flesches required under § 37-61-405, MCA, and Rule 10, M.U.Dist.Ct.R, on September 2.

¶13    Jensar filed a Notice of Entry of Judgment on September 2, 2004. On September 10, 2004, Flesches' new counsel filed a Motion to Set Aside Judgment Pursuant to Rule 60(b). Counsel stated that he first met with the Flesches on August 6, shortly after they had discharged their former counsel, and that the Flesches did not know of the August 25 hearing date at the time he met with them. Noting that he had not been formally retained until after August 25, counsel requested that the judgment be set aside under Rule 60(b), M.R.Civ.P., arguing that the Flesches' lack of awareness of the hearing date constituted "mistake, surprise, and excusable neglect."

¶14    Jensar opposed the Rule 60(b) Motion, claiming that the only "mistake" alleged in Flesches' motion was their unawareness of the hearing date. Jensar, however, noted that Bonnie Flesch admitted in her affidavit that their former counsel had notified them of the hearing date and time. Jensar also defended itself against a yet-to-be-made argument--*i.e.*,

5

that its failure to provide the notice required under § 37-61-405, MCA, and Rule 10, M.U.Dist.Ct.R., justified setting aside the judgment. In their Reply Brief, the Flesches argued strongly that Jensar's failure to comply with § 37-61-405, MCA, and Rule 10, M.U.Dist.Ct.R., before the August 25 hearing mandated that the judgment be set aside.

¶15 On October 27, 2004, the District Court denied the Flesches' Motion to Set Aside Judgment. In its Memorandum and Order, the court addressed exclusively the issue of whether Jensar had an obligation to provide written notice to the Flesches under § 37-61-405, MCA, and Rule 10, M.U.Dist.Ct.R. at the time it received oral notice of intent to withdraw or termination. The court concluded that Jensar did not. The District Court explained that Jensar was entitled to presume that Flesches' original counsel continued to represent them until such time as a Notice to Withdraw was filed and the court granted such notice. The court further explained that until such time as the court granted counsel's request to withdraw, Jensar was prohibited under the rules of professional conduct from contacting the Flesches personally.

¶16 On November 1, 2004, Flesches filed a Notice of Appeal from the District Court's Memorandum and Order dated August 30, 2004, and its Memorandum and Order on Motion to Set Aside Judgment dated October 27, 2004.

## DISCUSSION

¶17 As indicated above, the parties have presented three discreet issues on appeal. However, for the procedural reasons discussed below, we have determined that the only issue available for appellate review is whether the District Court abused its discretion, even

6

slightly, in denying Flesches' Motion to Set Aside Judgment under Rule 60(b). *In re Marriage of Zacher*, 2004 MT 249, ¶ 7, 323 Mont. 54, ¶ 7, 98 P.3d 309, ¶ 7 (internal citations omitted).

¶18 It is well established that a party seeking review by this Court must seek such review in a timely manner. Rule 5, M.R.App.P. In the case before us, the Memorandum and Order dismissing Flesches' case was entered on August 30, 2004. Under Rule 5(a)(1), M.R.App.P., in a civil case, a notice of appeal must be filed within thirty (30) days from the date of the entry of the judgment from which the party appeals. While Rule 5(a)(4), M.R.App.P., provides that the time within which a party may file an appeal is extended when either party files a motion under Rules 50(b), 52(b), or 59, M.R.Civ.P, this rule does not provide the same relief for a Rule 60(b) motion. As we have often stated, in construing a statute, we cannot insert what has been omitted or omit what has been inserted. Section 1-2-101, MCA.

¶19 Flesches' Notice of Appeal was filed on November 1, 2004; therefore, Flesches' appeal of the District Court's August 30, 2004, Memorandum and Order was untimely and we are without jurisdiction to consider it. *Anderson v. Bashey* (1990), 241 Mont. 252, 253, 787 P.2d 304, 304. However, Flesches' appeal from the District Court's October 27, 2004, denial of their Motion to Set Aside Judgment under Rule 60(b), is timely and we consider it here. Flesches are limited, however, to appealing only the issue presented and determined in the October 27 Order--*i.e.*, whether the District Court correctly concluded that Jensar was

not required to comply with § 37-61-405, MCA, and Rule 10, M.U.Dist.Ct.R., because Jensar was informed orally, but not in writing, that Flesches' counsel had been discharged.[1]

¶20    Flesches maintain that once their original attorneys told Jensar that they intended to withdraw as counsel and had been terminated, Jensar was obligated to provide the Flesches with written notice of the August 25 hearing pursuant to § 37-61-405, MCA, and Rule 10, M.U.Dist.Ct.R.

¶21    Title 37, Chapter 61, Part 4 of the Montana Code Annotated sets forth the provisions regulating the practice of law. Sections 37-61-403 through -405, MCA, address when and how a change of attorney is effected. These statutes provide:

*Section 37-61-403, MCA:*

The attorney in an action or special proceeding may be changed at any time before or after judgment or final determination, as follows:

(1)  upon consent of both client and attorney, filed with the clerk or entered upon the minutes;

(2)  upon the order of the court, upon the application of either client or attorney, after notice from one to the other.

*Section 37-61-404, MCA:*

---

[1]   We note that had the Flesches timely appealed the issue of dismissal as a sanction for discovery abuses, they would have been obligated to establish an abuse of discretion. This Court has repeatedly affirmed the imposition of sanctions, including dismissal with prejudice, for discovery rule violations. *See*, *e.g., Smart v. Molinario*, 2004 MT 21, ¶ 14, 319 Mont. 335, ¶ 14, 83 P.3d 1284, ¶ 14; *Jerome v. Pardis* (1989) 240 Mont. 187, 193, 783 P.2d 919, 923; *In re Marriage of Massey* (1987), 225 Mont. 394, 399, 732 P.2d 1341, 1344; *Dassori v. Roy Stanley Chevrolet Co.* (1986), 224 Mont. 178, 180, 728 P.2d 430, 432; *Xu v. McLaughlin Research*, 2005 MT 209, ¶ 20,  ___ Mont. ___, ¶ 20, ___ P.3d ___, ¶ 20.

When an attorney is changed as provided in 37-61-403, *written notice of the change* and the substitution of a new attorney or of the appearance of the party in person *must be given to the adverse party. Until then he must recognize the former attorney.* (Emphasis added.)

*Section 37-61-405, MCA:*

When an attorney . . . is removed . . . or ceases to act as such, a party to an action for whom he was acting as attorney must, before any further proceedings are had against him, be required by the adverse party, by written notice, to appoint another attorney or appear in person.

¶22 Additionally, the Montana Uniform District Court Rules also address changes of attorneys. Rule 10, M.U.Dist.Ct.R., states:

(a) Whenever an attorney representing a party to an action, or in another civil proceeding of any kind, is removed, withdraws or ceases to act as such, said attorney must inform the court and all other parties of the full name and address of his client and any other information which the court may find appropriate to assist in contacting said party.

(b) When the attorney representing a party to an action or proceeding . . . is removed, withdraws, or ceases to act as such, that party, before any further proceedings are had against him must be given notice by any adverse party:

(1) That such party must appoint another attorney or appear in person, and

(2) The date of the trial or of the next hearing or action required in the case, and

(3) That if he fails to appoint an attorney or appear in person by a date certain, which may not be less than twenty days from the date of the notice, the action or other proceeding will proceed and may result in a judgment or other order being entered against him, by default or otherwise.

(c) Such notice may be by personal service or by certified mail to said party's last known address.

(d) If said party does not appoint another attorney or appear in person within twenty days of the service or mailing of said notice, the action may proceed

to judgment. However, copies of all papers and documents required to be served by these rules and the Rules of Civil Procedure shall be mailed to said party at his last known address.

(e) In addition to the foregoing requirements of Rule 10 and before any change or substitution of attorney is effective, whether such change or substitution is occasioned by the death of the attorney or by his removal, withdrawal, ceasing to act, suspension or disbarment, the requirements of sections 37-61-403, 37-61-404 and 37-61-405, MCA, shall have been fully satisfied.

¶23 As noted above, Flesches maintain that Jensar's duties under § 37-61-405, MCA, and Rule 10, M.U.Dist.Ct.R., were triggered once Flesches' attorneys told Jensar they were withdrawing or were terminated, and that Jensar was required to notify the Flesches in writing that they needed to obtain another attorney or appear on behalf of themselves at the August 25 hearing. Because Jensar failed to do this, Flesches argue, they did not know about the hearing or that they needed to attend it.

¶24 Jensar counters that it was ethically prohibited from communicating directly with the Flesches until Flesches' attorneys had been allowed by order of the District Court to withdraw or cease representing the Flesches. *See* Rule 4.2, Montana Rules of Professional Conduct (M.R.Pro.C.) (prohibiting an attorney from contacting a represented person) and § 37-61-403, MCA, requiring a written filing or an order of the court to effect an attorney change.

¶25 In denying the Flesches' request to set aside the judgment, the District Court concluded that Rule 10(e), M.U.Dist.Ct.R., expressly required the provisions of §§ 37-61-403 through -405, MCA, to be fully satisfied before any change or substitution of attorney

10

is effective. The court noted that Flesches' attorneys, while notifying Jensar orally of their termination, did not provide written notice of the change in representation as required by § 37-61-404, MCA. As a result, that statute expressly obligated Jensar to continue recognizing the terminated attorneys as counsel for Flesches. The District Court also recognized that Rule 4.2, M.R.Pro.C., prohibited Jensar from contacting the Flesches until such time as they were no longer represented by counsel. Based on its analysis of the applicable statutes, Rule 10, M.U.Dist.Ct.R., and Rule 4.2, M.R.Pro.C., the court held that Jensar was not required to provide written notice to the Flesches of the August 25 hearing.

¶26 We conclude the District Court correctly interpreted the express language of the applicable statutes and rules, and therefore correctly concluded that Jensar was not required to provide written notice to the Flesches under § 37-61-405, MCA, and Rule 10, M.U.Dist.Ct.R., until such time as Flesches' former counsel filed the notice of withdrawal. As noted by the District Court, Jensar was entitled to believe that Flesches' counsel continued to represent them until it received written notice to the contrary. This belief was supported by Flesches' original counsel telling Jensar, on at least three occasions, that they would be filing the necessary papers shortly. When they failed to do so between August 3 and August 25, Jensar could have easily concluded that circumstances had changed and counsel continued to represent the Flesches.

¶27 Therefore, we conclude that the District Court did not abuse its discretion by denying Flesches' Motion to Set Aside Judgment under Rule 60(b).

**CONCLUSION**

11

¶28 For the foregoing reasons, we affirm the District Court's denial of Flesches' Motion to Set Aside Judgment under Rule 60(b).

/S/ PATRICIA O. COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS