No. DA 06-0368

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 89N

KIMBERLY ANN STOCK,

       Plaintiff and Respondent,

   v.

CARLOS CIPRIANO AGUILAR,
n/k/a CARLOS CIPRIANO HOUSH,

       Defendant and Appellant.

APPEAL FROM:    The District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADV 91-1774,
Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

          Carlos Cipriano Housh, pro se, Helena, Montana

       For Respondent:

          (No Appearance)

Submitted on Briefs:  February 22, 2007

Decided:  April 3, 2007

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Carlos Aguilar (n/k/a Carlos Housh), acting *pro se*, appeals from a default dissolution judgment and child support order issued in 1992. Carlos claims that at the time of the hearing he was in jail and unable to attend and defend himself. He made this known to the court and requested that the court order that he be transported to the hearing and also requested that the court appoint counsel to represent him, as he was indigent. The court, however, refused to transport him or appoint counsel to represent him. Finally, Carlos claims that the court failed to create a transcript of the hearing.

¶3 Carlos also claims that he is not the father of Jessi, one of two children for whom the court ordered him to pay child support. In April of 2006, he requested that the court order a paternity test or in the alternative suspend his child support obligations so that he could pay for a paternity test himself. On May 11, 2006, the court denied Carlos's requested stay of his child support obligations pending paternity testing. The next day, May 12, 2006, Carlos filed a notice of appeal with the court.

¶4 According to Carlos, the court's errors violated his right to due process. Additionally, Carlos claims that the court intentionally discriminated against him because

2

he is a black male, violating his right to equal protection. Finally, Carlos claims that the divorce was improper because he was never legally married to Kimberly Stock.

¶5 We are unable to consider Carlos's arguments concerning the 1992 judgment and order, however, because his appeal is time barred. In civil cases, the notice of appeal must be filed with the district court within thirty days from the date of the entry of the judgment or order appealed from. M. R. App. P. 5(a)(1); *see also Flesch v. McDonald's Restaurant*, 2005 MT 235, ¶ 18, 328 Mont. 407, ¶ 18, 121 P.3d 527, ¶ 18. Carlos has waited fourteen years to appeal the District Court's 1992 judgment and order.

¶6 While Carlos timely appealed from the court's 2006 order denying his request for a paternity test, he presents insufficient authority to warrant reversal. First, Carlos fails to cite relevant authority for his claim that the court had an obligation to order a paternity test. We will not address an issue when the appellant fails to cite supporting authority. *State v. Ellenburg,* 2000 MT 232, ¶ 49, 301 Mont. 289, ¶ 49, 8 P.3d 801, ¶ 49. Second, Carlos failed to present any evidence in district court regarding paternity, other than his unsupported assertion that he was in a California jail when Jessi was conceived. Carlos was married to Kimberly when Jessi was born, and he is therefore presumed to be the father. Section 40-6-105(1)(a), MCA. To rebut this presumption, Carlos must prove he is not the father by a preponderance of the evidence or via a paternity test ("scientific evidence resulting from a blood test"). Section 40-6-105(3)(a) and (b), MCA. As he presented no evidence regarding paternity, other than his undocumented assertions, the court was justified in refusing to suspend his child support obligation.

3

¶7     It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.  It is manifest on the face of the briefs and the record before us that the appeal is without merit because there was clearly no abuse of discretion by the District Court.

¶8     We affirm the judgment of the District Court.


                                        /S/ W. WILLIAM LEAPHART


We concur:

/S/ BRIAN MORRIS
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON